## MOSES H. SISSON *vs.* CHARLES H. TUBBS.

The act of 1878 (Session Laws of 1878, ch. 129, sec. 2,) provides that upon a foreclosure the court shall, upon the motion of either party, appoint three appraisers, who shall, on the foreclosure taking effect, appraise and report to the court the value of the mortgaged property, which appraisal shall be conclusive upon the parties as to the value; and that in any later suit upon the mortgage debt the creditor shall recover only the difference between the value of the property as thus fixed, and the amount of his claim. Held that, under this statute, it was proper for the appraisers to report the whole value of the mortgaged property without reference to prior mortgages upon it, leaving the fact and amount of such prior incumbrances to be shown in any later suit upon the mortgage debt.

SUIT on a note which had been paid in part by the appropriation by foreclosure of certain mortgaged property; brought to the Court of Common Pleas, and tried to the court before *Mather, J.* Facts found and judgment for the defendant, and motion for a new trial by the plaintiff. The case is fully stated in the opinion.

*S. Lucas,* in support of the motion.

*J. M. Thayer*, with whom was *C. F. Thayer*, contra.

PARDEE, J.  On May 1st, 1877, the plaintiff by purchase became the owner of a note made by the defendant for $670, with interest, and secured by a second mortgage; on October 5th, 1878, he obtained a decree of foreclosure, the right to redeem limited to October 14th, 1878; his debt with costs amounting to $683.22.

The act of 1878 (Session Laws of that year, p. 341, chap. 129, sec. 2,) provides that "upon the motion of any party to a foreclosure the court shall appoint three disinterested appraisers, who shall under oath appraise the mortgaged property within ten days after the time limited for redemption shall have expired, and shall make written report of their appraisal to the clerk of the court where said foreclosure was had, which report shall be a part of the files of such foreclosure suit, and such appraisal shall be final and conclusive as to the value of said mortgaged property; and the mortgage creditor, in any further suit or action upon the mortgage debt, note or obligation, shall recover only the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his claim."

The defendant not redeeming, a committee duly appointed made an appraisement under oath and filed with the clerk the following report:—"We the undersigned, appraisers appointed by the Superior Court to appraise the property foreclosed in the case of *Moses H. Sisson* v. *Charles H. Tubbs*, having viewed the premises, do appraise the value to be $1,800, free from all incumbrances." The plaintiff instituted this suit in the Court of Common Pleas for the recovery of that portion of his debt remaining unpaid after the application of the value of his mortgage security upon it. Upon the trial he asked leave to prove that on October 14th, 1878, a mortgage prior to his own was in life, securing a debt amounting to $1,269.37; but the court excluded the evidence. He also asked leave to prove by evidence other than the certificate that the appraisers estimated the value

of the land regardless of incumbrances; this was denied. He also asked leave to introduce evidence other than the certificate as to the value of the land on October 14th, 1878, regardless of incumbrances; this was denied. He also claimed that it was the duty of the appraisers to estimate the value of the land regardless of incumbrances; but the court determined that it was their duty to appraise the equity only, and that if they appraised the whole value relief could be obtained only by petition to the Superior Court. He also insisted that the appraisers had in fact determined the value to be $1,800, less proven incumbrances; but the court determined that they had fixed the value of the land applicable to his debt at $1,800, and that he was concluded thereby, and rendered judgment for the defendant. The plaintiff moved for a new trial.

The language of the statute is necessarily general; it is to be made applicable to cases in which the mortgage foreclosed is the first and only incumbrance, and to those in which it is the second or third; in either, the office of the appraisers' report is simply to establish, as between the debtor and creditor, an unchangeable standard of value by which to determine the question, whenever thereafter the creditor shall choose to raise it, whether the interest in land obtained by him by foreclosure equaled in value the debt due to him. A reported appraisement which enables a tribunal to determine that question without re-opening the question of value, satisfies the requirements of the statute.

Therefore, in the case before us, the appraisers' report which determines the entire value of the land without determining either the existence or extent of prior incumbrances is sufficient; and upon subsequent suit for any balance unpaid the creditor may prove the amount of prior incumbrances which he was compelled to remove; and the debtor may prove that there were none; and this question may be determined without re-opening the inquiry as to the value of the land.

There was error therefore in rejecting evidence offered by

the plaintiff for the purpose of proving the existence of a prior incumbrance, and there must be a new trial.

In this opinion the other judges concurred.