[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff City of Hartford moves to strike the special defense alleged in the answer of defendant Ann-High Associates filed in this tax foreclosure action. The special defense alleges the following facts: the subject property being foreclosed upon was operated by defendant as a parking lot at or near its capacity of 250 vehicles; plaintiff adopted zone changes which restricted the future uses to which the property could be put; the Redevelopment Agency of the City developed a plan restricting the future use of the property to transition housing; the plaintiff and the State eliminated an exit ramp which had deposited cars directly in front of the property, and constructed highway bridges over a period of three years, virtually eliminating access to the property; plaintiff allowed three new surface lots, totalling 700 new parking spaces, to open; all the above activities caused defendant's parking volume to be reduced from 250 to 25 cars, and ultimately to zero. Based on these facts, defendant alleges that the plaintiff, by virtue of its negligent and or intentional conduct, totally destroyed the economic value of defendant's business and the property, and further plaintiff caused the conditions which prevented defendant from paying the taxes and, therefore, should be estopped from foreclosing.
To the extent defendant is alleging plaintiff's activities have reduced the value of its property so that he assessments are too high for each year in question, defendant has recourse to the board of tax review, pursuant to C.G.S. § 12-53 (d), but cannot raise that defense in this tax foreclosure action. Hartford v. Faith Center, Inc.,196 Conn. 487 (1985). Moreover, all the alleged activities of the plaintiff are legal and for legitimate municipal purposes. They cannot operate to estop the plaintiff from seeking to collect its unpaid taxes.
While this foreclosure action is equitable in nature, and the trial court "may entertain such questions as are necessary to be determined in order that complete justice may be done," (Hartford Federal Savings and Loan Assn. v.CT Page 6594Lenczyk, 153 Conn. 457, 463 (1966)) the plaintiff's alleged activities do not justify barring plaintiff from foreclosing on equitable grounds.
In its brief defendant asserts it "is not asking that the tax bill be forgiven but that, in equity, the City should be required to allow the defendant to revive its business or to otherwise develop the subject property, and thereby satisfy the tax obligation without losing the property."
The Court can exercise its powers of equity when it fixes the terms of the foreclosure judgment, including allowing defendant a reasonable time to pay the taxes due.
The motion to strike the defendant's special defense is granted.
Robert Satter State Judge Referee