GEORGE GOLDBLATT ET AL *v.* JOSEPH W. FERRIGNO, JR.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 2—decided June 19, 1951

*Morris Apter,* with whom, on the brief, were *Julius Apter* and *Milton Nahum,* for the appellants (plaintiffs).

*Reuben Sudarsky,* for the appellee (defendant).

JENNINGS, J.  The plaintiffs sought damages claimed to have resulted from the breach of building contracts by the defendant.  The defendant filed a counterclaim.  Judgment was for the defendant on the complaint and for the plaintiffs on the counterclaim.  Both parties appealed, but the defendant did not pursue his appeal.

No evidence was certified.  The plaintiffs seek many corrections in the finding.  A principal question arises because of their claim that both the memorandum of decision and the exhibits in evidence can be used to correct the finding.  The increasing frequency with which claims of this nature are advanced makes it desirable to restate the pertinent rules.

The effect to be given to a memorandum of decision is fully discussed, with citations of the Connecticut cases, in Maltbie, Connecticut Appellate Procedure, § 90.  As is there stated, the memorandum may be consulted for a better understanding of the basis of the decision or to clarify an ambiguous ruling.  *Norwalk* v. *Trombetta,* 137 Conn. 318, 321, 77 A. 2d 77.  It cannot take the place of a finding, and statements of fact in a memorandum cannot be used to supplement the finding unless, for some specific, unusual purpose, the memorandum is expressly made a part of the find-

ing. Assignments of error addressed to a memorandum which has been made a part of the finding present a difficult problem, because a memorandum is ordinarily much less definite and specific than a finding. *Hooker* v. *Alexander*, 129 Conn. 433, 438, 29 A. 2d 308. The practice of making the memorandum a part of the finding has been emphatically discountenanced. Maltbie, loc. cit.; *Bridgeport Airport, Inc.* v. *Title Guaranty & Trust Co.*, 111 Conn. 537, 543, 150 A. 509. The memorandum in the case at bar was not made a part of the finding, nor should it have been, and the plaintiffs cannot make use of it to supplement the facts set forth in the finding.

An exhibit offered and admitted on the trial becomes evidence and should be treated in all respects as is other evidence. That is, it no more becomes a part of the record on appeal than does other evidence unless it is so ordered. *O'Keefe* v. *Atlantic Refining Co.*, 132 Conn. 613, 619, 46 A. 2d 343; see *Alishausky* v. *MacDonald*, 117 Conn. 138, 142, 167 A. 96; Maltbie, op. cit., § 134. It follows that the provision of § 346 of the Practice Book and the directive in this case to the effect that any exhibit may be used in argument in the Supreme Court without being printed fall short of making the exhibits a part of the record on appeal. They mean just what they say. While it is often helpful to an understanding of the finding and argument if a map or schedule can be consulted, exhibits used for this purpose have no probative value. They are no more a part of the record on appeal than any other uncertified evidence. They cannot be used to add facts to the finding.

Another order often made in connection with exhibits reads: The exhibits (or those specified) are made a part of this finding and may be used in the Supreme Court in argument without being printed. When this

form is used in a case tried to the court, the existence of the exhibits becomes a fact found by the court to have been proved, like any other fact. This does not mean that the truth of any statement which may be contained in the exhibits is established. The effects of the two forms do not differ in substance. If the court intends to find a specific fact contained in an exhibit, it should include it among the facts found or by reference to the exhibit state that the facts recited therein are found.

Certification of a transcript under Practice Book, § 346, carries with it certification of the exhibits. *Epstein* v. *Union & New Haven Trust Co.*, 126 Conn. 692, 699, 14 A. 2d 249; Maltbie, op. cit., § 107, p. 142. This does not make them a part of the finding, although it does make them available in a proceeding to correct it.

It is apparent from the brief of the plaintiffs that they rely heavily on corrections in the findings of fact to sustain their claims. Since no evidence was certified, they are relegated to the exhibits. For the reasons stated, these cannot be used for the purpose. The plaintiffs also asked to have eighteen claims of law included in the finding. The only way to accomplish this was by a motion to rectify the appeal. *Miner* v. *Miner*, 137 Conn. 642, 644, 80 A. 2d 512; Maltbie, op. cit., § 141; Practice Book § 365. No such motion was made. For these reasons, the plaintiffs' effort to correct the finding cannot succeed.

Two building contracts were the subjects of this suit. The first provided for the construction of a foundation; the second for backfilling the walls. It is apparent that, as is usual in such cases, the evidence covered a wide range, for the finding contains 113 paragraphs. It would serve no useful purpose to review them in detail, especially in view of the decision reached on the procedural question. Suffice it to say that the finding supports the conclusion that the plaintiffs failed to

prove a basis for recovering damages upon the first contract under any of the recognized rules applicable in such cases. See Restatement, Contracts § 346, and Conn. Annot. As to the second, the court's conclusion that the damage which resulted from the backfill did not arise from a breach by the defendant separate and distinct from that to which the plaintiff contributed was correct.

There is no error.

In this opinion the other judges concurred.