SAMUEL GITLITZ *v.* HAROLD H. DAVIS ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, JS.

Argued March 3—decided March 31, 1959

*Arthur Klein,* with whom, on the brief, was *Frederic M. Klein,* for the appellant (plaintiff).

*Raymond J. Cannon,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellees (defendants).

MURPHY, J. The plaintiff has appealed from a judgment of the Superior Court denying him the right to use the title "architect." In his complaint seeking a declaratory judgment, he alleged that the defendant members of the architectural examining board had issued to him a certificate which permitted him to continue to engage in the making of plans and specifications or supervising the construction of buildings. This was admitted in the answer, but all other material allegations of the complaint were denied.

The plaintiff did not file a request for a finding by the trial court to properly present the issues upon appeal for determination by this court. A finding is necessary where error is claimed in conclusions as to law and facts which do not appear upon the face of the record. Maltbie, Conn. App. Proc., § 126. As no finding was requested, none was made. We are, therefore, limited in our inquiry to such facts as appear upon the record and were put in issue upon the pleadings. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260. The only facts in the record in this case are those which appear from the complaint, the answer and the judgment. A memorandum of decision establishes no facts; *Putterman* v. *Miller,* 133 Conn. 70, 73, 48 A.2d 235; nor can it take the place of a finding. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 40, 82 A.2d 152.

In his assignment of errors, the plaintiff claims that the facts stated in the judgment do not support it. The only facts stated in the judgment are that the parties appeared and were at issue and that the plaintiff had not qualified under the applicable provision of the statutes (now Rev. 1958, § 20-290) to use the title "architect." The judgment recites the court's conclusions that the issues are found for the

defendants and that the plaintiff is not entitled to use the title. Without the subordinate facts upon which the court based its conclusions, we are in no position to do other than affirm the judgment.

There is no error.

In this opinion the other judges concurred.