CHARLES F. WAGNER ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF CANTON

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 10—decided December 30, 1965

*Charles W. Page,* with whom, on the brief, was
*Ernest A. Inglis, Jr.,* for the appellant (defendant).

*Allen J. Segal,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs appealed to the Court
of Common Pleas from a decision of the Canton
zoning board of appeals overruling the action of the
zoning officer in granting a permit for an accessory
building, which, it held, would create a business use
and substantially change the residential character
of the plaintiffs' property. The appeal alleged that
the board acted illegally, arbitrarily and in abuse of
its discretion in eight specified ways. The Court of
Common Pleas rendered judgment finding the plain-
tiffs to be aggrieved persons, finding the issues for
them and sustaining the appeal. From the judgment
the board has appealed, assigning as the sole error
that the court erred in ruling that the failure of the
board to comply with the requirements of § 8-7a of

the General Statutes rendered the action of the board voidable at the option of the plaintiffs.

On the record before us we find it impossible to decide the merits of this appeal. There was no finding. The record does not even show that the court made the ruling which is assigned as error. In the usual zoning appeal case no finding is necessary except on the question of aggrievement since the trial court hears no evidence and makes its determination on the facts contained in the record of the hearing before the appeals board. A limited finding is necessary, however, where error is claimed in conclusions of law or fact drawn by the trial court which do not appear on the face of the record. Practice Book § 609; *Farrell* v. *Spangle,* 151 Conn. 709, 710, 200 A.2d 487; *Leonard* v. *Zoning Board of Appeals,* 151 Conn. 646, 648, 201 A.2d 466; *Tuite* v. *Tuite,* 150 Conn. 345, 346, 189 A.2d 394; Maltbie, Conn. App. Proc. § 126. That finding should include, so far as is necessary to present the questions which the appellant desires reviewed, the claims of law stated substantially as they were actually made by counsel at the trial, the rulings of the court thereon and the rulings desired to be reviewed. Practice Book § 619; see § 223.

The briefs of both parties are predicated on statements contained in the court's memorandum of decision. A memorandum of decision establishes no facts and cannot take the place of the required finding. *Tuite* v. *Tuite,* supra; *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213; *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 40, 82 A.2d 152.

Since on this record we cannot review the only conclusion of the court which is assigned as error, the judgment must stand.

There is no error.