HARTFORD FEDERAL SAVINGS AND LOAN ASSOCIATION
*v.* THEODORE N. LENCZYK ET AL.

KING, C. J., ALCORN, SHANNON, HOUSE and THIM, Js.

Argued February 2—decided March 1, 1966

*Michael Sudarsky,* with whom was *Harold L. Biloon,* for the appellant (plaintiff).

*Charles G. Iosco,* with whom was *Mark S. Shipman,* for the appellee (named defendant).

HOUSE, J. The issue which the parties seek to have determined on this appeal is a very narrow one. It is whether, upon a motion for a deficiency judgment made after judgment of strict foreclosure of a real estate mortgage, the court committed error in its determination of the amount of the deficiency because it refused to deduct from the value of the property as appraised under the provisions of § 49-14 of the General Statutes the amount of a municipal sewer assessment where a notice or caveat regarding the assessment had been recorded prior to the institution of the foreclosure action, but where construction work on the sewer, although commenced prior to the law day, had not been completed by that date.

The finding of facts, as to which no error is assigned, is inadequate to present properly the issue which the parties have both fully argued in their briefs. The finding of facts is limited exclusively to those facts relating to the sewer assessment and does not mention either the mortgage foreclosure or the appraisal pursuant to § 49-14. In the absence of an adequate finding as to these material facts, we are limited in our review to what appears from the exhibits certified to this court on the appeal and those facts which are stated in the finding plus the facts which appear on the record. The latter are those which are admitted in the pleadings and which appear in the judgment. *Farrell* v. *Spangle,* 151 Conn. 709, 710, 200 A.2d 487; *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213. Fortunately in this instance, from a combination of the admissions in the pleadings, the judgment and the limited facts found there appear sufficient facts for us to decide the narrow issue which the parties seek to have determined.

Briefly stated, the material factual circumstances were as follows: The plaintiff secured strict foreclosure of a real estate mortgage from the named defendant, who did not redeem on or before the law day. On the plaintiff's motion, pursuant to § 49-14 of the General Statutes, the court appointed three appraisers, who filed their appraisal report as to the value of the property. The record does not disclose any remonstrance to the report, and it was accepted by the court. The plaintiff thereupon moved for a deficiency judgment. In this motion, the plaintiff included a claim that, in determining the amount of the deficiency between the amount of the mortgage debt, with interest and costs, and the value of the premises as appraised, the court should

deduct from the appraised value a sewer assessment in favor of the town of Farmington. A notice of the assessment had been recorded in the land records prior to the commencement of the foreclosure action. The form and content of this notice do not appear except for what can be gleaned from the words "Notice of Town of Farmington Sewer Caveat" which can be made out from an otherwise undecipherable page of an abstract of title introduced as an exhibit in the case. Construction work on the sanitary sewer in the street on which the foreclosed premises were situated was started prior to the law day but had not been completed by that date. The appraisers were appointed three days after the law day, they made their appraisal seven days after the law day, and they filed their report three days thereafter.

Section 49-14 of the General Statutes provides that upon the motion of any party to a foreclosure action the court shall appoint three disinterested appraisers who shall return to court a written report of their appraisal of the property and "such appraisal shall be final and conclusive as to the value of such mortgaged property." It further provides that the mortgage creditor in any further action upon the mortgage debt "shall recover only the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his claim", and the court "may, if such appraisal and report thereof have been made, render judgment for the plaintiff for the difference between such appraisal and the plaintiff's claim."

Although § 49-14 is silent as to the deduction of prior encumbrances from the appraised value, it is well settled that the court should deduct from the amount of the appraisal the aggregate of prior

claims against the property in order to determine the value of the security and hence the extent to which the debt or obligation has been satisfied by the application to it of the foreclosed property. *Sisson* v. *Tubbs,* 50 Conn. 292, 294; *Wilcox* v. *Bliss,* 116 Conn. 329, 334, 164 A. 659; *Meriden Savings Bank* v. *Sujdak,* 124 Conn. 604, 608, 1 A.2d 134.

In this case the court found that the sewer assessment was made by the sewer authority of the town of Farmington pursuant to chapter 103 of the General Statutes. Section 7-252, which is included in this chapter, provides that sewer assessments shall be due and payable at such time as is fixed by the sewer authority "provided no assessment shall become due until the work or particular portion thereof for which such assessment was levied has been completed." This is in accord with the general policy of the state with regard to the assessment of benefits for public improvements. See General Statutes § 7-140.

Section 7-254, also included in chapter 103, provides that any sewer assessment not paid within thirty days after the due date shall be delinquent and that any unpaid assessment shall constitute a lien upon the real estate against which the assessment was levied from the date of such levy. As we have already noted, however, in order for the assessment to be due the work must have been completed. "[T]he lien can have no existence prior to the date of the act which constitutes it. That act is—not the commencement of the work of constructing the public improvement in question—but the making of the assessment of the expense of the improvement upon the property benefited. That assessment cannot of course be made until the work is completed and the cost ascertained." *Tomes* v.

*Thompson,* 112 Conn. 190, 194, 151 A. 531. Here the work had not been completed on the law day. It was still in process and the final cost had not been ascertained. Accordingly, the caveat did not constitute a lien against the foreclosed property. At best it was merely a warning that a right to perfect a lien existed, which right could not come into existence unless and until the work was completed and the cost ascertained. Under these circumstances it cannot be held that the trial court was in error in refusing to deduct from the appraised value a contingent sewer assessment in such amount as should ultimately be determined to be due upon completion of the construction.

This conclusion of course is not a holding that under no circumstances in the exercise of its broad equity jurisdiction in mortgage foreclosure cases may a court deduct from the appraised value charges against the property for public improvements in the course of construction at the time of foreclosure. The fundamental principle upon which assessments of benefits from public improvements are made and justified is that the owner of property is benefited by the improvement to the extent of the assessment and that the assessment is imposed and collected as the equivalent for the benefit and to pay for the improvement. *Connecticut Ry. & Ltg. Co.* v. *Waterbury,* 127 Conn. 617, 619, 18 A.2d 700. Foreclosure is peculiarly an equitable action, and the court may entertain such questions as are necessary to be determined in order that complete justice may be done. *Beach* v. *Isacs,* 105 Conn. 169, 176, 134 A. 787. In the circumstances of the present case a relevant and significant question was whether in making their appraisal the appraisers allocated any element of value to the

property on account of the sewer being constructed in the street on which it was located and, if so, to what extent. Equitably, as between the mortgagor and the foreclosing mortgagee, the burden of the cost of any such element of value considered by the appraisers, if any was considered, should be borne by the interest which acquired that benefit.

Section 49-14 provides that the value of the foreclosed premises as fixed by the appraisers shall be "final and conclusive." This precludes a review by the court of the question of value as a question of fact and limits an inquiry before the court to questions of law. *Buck* v. *Morris Park, Inc.*, 153 Conn. 290, 293, 216 A.2d 187. This limitation, however, does not preclude, in a hearing on a remonstrance to the appraisers' report, an inquiry as to what elements the appraisers considered or as to what methods they used in arriving at their conclusion as to value. *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 454, 457, 190 A. 616. The record before us, however, does not disclose that any remonstrance to the appraisers' report was filed or that the court was called on to determine whether or to what extent the appraisers took into consideration the factor that sanitary sewer facilities were, at the time of their appraisal, being installed to service the premises. That question not having been raised, the trial court was not called upon to consider it.

The only other question raised on this appeal relates to the court's exclusion of questions directed to the town engineer as to when the sewer would be completed and when the bills for the sewer assessment were due to go out. In view of the court's finding that construction work was in process but not completed on the law day and in the light of

what we have already said, this line of inquiry was immaterial.

There is no error.

In this opinion the other judges concurred.