SALVATORE SARACENO ET AL. *v.* THE CAPITOL THEATRE REALTY CORPORATION

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued March 9—decided March 30, 1967

*Alexander Winnick,* with whom was *Louis W. Johnson,* for the appellants (plaintiffs).

*Maurice J. Magilnick* and *Israel Poliner,* for the appellee (Giuseppina Saraceno).

ALCORN, J. The plaintiffs appeal from a judgment determining, pursuant to § 33-384 of the General Statutes, the value of their shares in a corporation. The twenty-two assignments of error, which

in turn embrace sixteen subdivisions, assert, in substance, that the court erred in correcting and accepting, as corrected, a report of appraisers and in failing and refusing to permit the plaintiffs to offer evidence at a hearing on the acceptance of the appraisers' report.

The plaintiffs, as shareholders in the defendant corporation, brought this action, seeking a receiver for, and a dissolution of, the corporation. The court appointed and confirmed a temporary receiver. Pursuant to § 33-384 (a) of the General Statutes, Giuseppina Saraceno, hereinafter called the defendant, a shareholder in the corporation, applied for an appraisal of the fair value of the plaintiffs' shares. The plaintiffs and the defendant then joined in a stipulation nominating two appraisers, the court selected a third, and the three thus selected were appointed by the court, under § 33-384 (b), to recommend to the court a decision as to the fair value of the plaintiffs' shares. The plaintiffs and the defendant, by stipulation, waived their rights to present evidence to the appraisers, and the court accordingly ordered the appraisers not to receive any evidence from the parties relative to the value of the plaintiffs' shares. The appraiser originally recommended by the plaintiffs being unable to serve, the court, on the plaintiffs' recommendation, appointed another to serve in his stead. The appraisers so appointed filed a report in which they set forth the basis for their conclusion and unanimously determined the value of the plaintiffs' stock to be $31.53 per share. Pursuant to § 33-384 (c), the defendant elected to buy the plaintiffs' shares at the value thus determined and deposited with the clerk a cashier's check in full payment for all of the shares owned by the

plaintiffs. On the same date, the plaintiffs filed an "Objection To Report Of Appraisers And Motion For Hearing Thereon." The defendant filed a motion to correct the report, indicating claimed errors in the appraisers' computation of taxes and their valuation of a chose in action listed in the report. The defendant also filed a motion to accept the report and for judgment determining the fair value of the plaintiffs' shares. The appraisers corrected their report and unanimously determined the value of the plaintiffs' stock to be $28.43 a share. Following a hearing on the plaintiffs' objection to the report and the defendant's motion for judgment, the court accepted the report as corrected and rendered judgment determining the value of the plaintiffs' stock to be $28.43 a share. The present appeal is from that judgment.

There is no finding, and there are no facts admitted by the pleadings. We have before us, therefore, only the complaint, the appraisers' report and corrected report, the motions and orders, and such facts as appear in the stipulation and the judgment. *Hartford Federal Savings & Loan Assn.* v. *Lenczyk,* 153 Conn. 457, 460, 217 A.2d 694. The memorandum of decision establishes no facts and cannot take the place of the finding, which is essential to test rulings on evidence and conclusions of law or fact drawn by the trier which do not appear on the face of the record. Practice Book § 609; *Wagner* v. *Zoning Board of Appeals,* 153 Conn. 713, 714, 216 A.2d 182.

Chapter 15 of the rules of the Superior Court governs, so far as applicable, the procedure to be followed in matters referred to appraisers designated to make a report to the court. Practice Book § 349; *Antman* v. *Connecticut Light & Power Co.,*

117 Conn. 230, 237, 167 A. 715. When the appraisers' report in the present case was filed, the plaintiffs made no request for a finding of subordinate facts by the appraisers. Practice Book § 355; *Garofalo* v. *Argraves,* 147 Conn. 685, 687, 166 A.2d 158; *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 582, 153 A.2d 420. They made no motion to correct the report. Practice Book § 358; see *Derby* v. *Water Resources Commission,* 148 Conn. 584, 585, 172 A.2d 907. The defendant, upon discovering an inaccuracy in the appraisers' report, did correctly and successfully move to correct it. The court does not consider exceptions to a report unless the subject matter thereof has been submitted to the author of the report in a proper motion to correct. Practice Book § 359.

The plaintiffs have completely ignored the established procedure and chosen, instead, to file an objection to the report and a motion for a hearing thereon. Consequently, no proper foundation for an attack on the report was laid. As already indicated, there is no finding to permit a review of the court's ruling. Practice Book § 635.

The plaintiffs printed a lengthy appendix to their brief apparently intended to relate what occurred at the hearing on their objection to the report. Although it furnishes no basis for a review of the court's action, we have read it. It discloses that the plaintiffs' persistent effort was to offer the appraisers and others as witnesses as a means of attacking the report. The court was equally insistent that this was not proper procedure. It appears to be the plaintiffs' theory that General Statutes § 33-384 (b) contemplates a duplication of procedure, in other words, a determination of value by appraisers appointed by the court and then a full

rehearing of the same issue before the court. It is just such a time wasting procedure that the rules are designed to avoid.

There is no error.

In this opinion the other judges concurred.