Lomas and Nettleton Company v. Edmond Cadoux
ET AL.

House, C. J., Ryan, Shapiro, Loiselle and MacDonald, Js.

Argued May 4—decided May 24, 1972

*Stephen M. Seelig,* for the appellant (defendant Homestead Lumber, Inc.).

*Melvin J. Silverman,* for the appellee (plaintiff).

Per Curiam. By writ and complaint dated October 9, 1970, and amended on November 4, 1970, claiming a foreclosure on certain property in the town of Brookfield, Lomas and Nettleton Company, holder of the first mortgage, named numerous defendants including Homestead Lumber, Inc., hereinafter called Homestead. The allegations in the complaint, as related to Homestead, recited that this defendant claimed to have an interest by virtue of a mechanic's lien in the property being foreclosed. By judgment of strict foreclosure dated November 20, 1970, the trial court, in addition to determining priorities among the named defendants,

found that Homestead's lien was invalid by virtue of a signed waiver of its mechanic's lien rights. On December 10, 1970, Homestead filed a motion to "reopen" the judgment in which it alleged that on November 20, 1970, the trial court heard motions for judgment by strict foreclosure and to determine priorities; that the court ruled that certain documents signed by Homestead constituted waivers of its mechanic's lien; that these documents were intended to be and were waivers of priority as to the first mortgagee; and that the judgment of the court was reached without Homestead "having the opportunity to present evidence as to the nature and intent of said documents and their effect on the priorities." On December 18, 1970, the motion was denied. On January 5, 1971, Homestead appealed to this court from the judgment of strict foreclosure and the order of priorities entered therein.

Homestead's assignments of error are directed to the court's "finding" that certain documents executed by Homestead were absolute waivers of lien rather than waivers of priority; in its refusal to grant Homestead an opportunity to present evidence as to the nature and intent of those documents and in refusing to "reopen" the judgment for that purpose; and in its refusal to qualify the judgment by omitting certain language from the judgment. On February 11, 1971, Homestead filed written notice with the clerk of the Superior Court that it had "decided to abandon all phases of the appeal which would require a finding."

As in the case before us, where error is claimed in the court's rulings on evidence and its conclusions of law or fact that do not appear on the face of the record, a finding is essential. Practice Book § 609; *Saraceno* v. *Capitol Theatre Realty Corporation,* 154

Conn. 669, 672–73, 228 A.2d 507; *Wagner* v. *Zoning Board of Appeals,* 153 Conn. 713, 714, 216 A.2d 182; *Farrell* v. *Spangle,* 151 Conn. 709, 710, 200 A.2d 487; *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213; Maltbie, Conn. App. Proc. § 126. Homestead did not file either a request for a finding or a draft finding. Consequently no finding was made. "We can decide the merits of an appeal only on the record presented. *State* v. *Keating,* 151 Conn. 592, 595, 200 A.2d 724." *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703, 220 A.2d 449. The only facts of record in the case at bar are those which appear from the pleadings and the judgment. See *Gitlitz* v. *Davis,* supra. No pleadings in response to the allegations made in the complaint appear in the record.

The judgment recites that all the defendants were defaulted for failure to disclose a defense and that the court found that Homestead's certificate of mechanic's lien was invalid and did not entitle it to any priority or right of redemption by virtue of having signed a waiver of its mechanic's lien rights. Without the subordinate facts on which the court based its rulings and conclusions, we are in no position to do other than affirm the judgment.

There is no error.