### New Haven Savings Bank *v.* General Finance and Mortgage Company et al.

House, C. J., Loiselle, Bogdanski, Longo and Speziale, Js.

Argued November 8, 1977—decision released February 21, 1978

*William E. Craig,* for the appellant (plaintiff).

*David M. Reilly, Jr.,* for the appellee (defendant Beatrice L. Drazen, executrix, estate of Charles E. Drazen).

Longo, J. This appeal is from an order awarding rents collected by a court-appointed receiver to a junior mortgagee in a foreclosure action brought by a senior mortgagee. On May 9, 1973, the plaintiff, New Haven Savings Bank, made a mortgage loan of $775,000 to the named defendant, General Finance and Mortgage Company. The loan was secured by a first mortgage on commercial property

in North Haven and by a conditional assignment of the rents from the mortgaged property in the event of default. On the same day General Finance and Mortgage Company granted a second mortgage to the defendant Beatrice L. Drazen, hereinafter the defendant, executrix of the estate of Charles E. Drazen, as security for a debt of $268,000. The defendant's mortgage agreement also contained a conditional assignment of rents.

The plaintiff commenced this foreclosure action on November 27, 1974. The trial court found the mortgage debt to be $852,073.28, awarded an attorney's fee of $4500 and costs of $526.70, and rendered a judgment of strict foreclosure on February 11, 1975. On the same day, February 11, the court appointed a receiver of rents pursuant to the defendant's motion. Neither party requested an order concerning disposition of the rents to be collected by the receiver and none was made by the court. No one redeemed, and title to the mortgaged property vested in the plaintiff after the law day of November 18, 1975. On January 15, 1976, the defendant moved that the receiver be ordered to file an accounting and that the net proceeds of the rent collections be paid to her. The receiver filed an accounting on January 23, 1976, stating that the net rental proceeds amounted to $13,867.15. The plaintiff moved that the account be approved and that the net proceeds be paid to the plaintiff. The court decided those motions in favor of the defendant, ordering that all funds on hand be paid to the defendant, subject to the filing and approval of a current final accounting. The plaintiff has appealed the court's ruling, without requesting a finding.

In the absence of a finding, our review is limited to errors of law or fact apparent on the face of the

record. Practice Book § 612B; *Lomas & Nettleton Co.* v. *Cadoux,* 163 Conn. 603, 604, 316 A.2d 413; *Saraceno* v. *Capitol Theatre Realty Corporation,* 154 Conn. 669, 672, 228 A.2d 507. The principal issue that may be reviewed from the face of the record is whether a mortgagee who has appropriated the property through strict foreclosure must establish a deficiency between the value of the property and the amount of the debt in order to obtain rents collected by a court-appointed receiver.

When a receiver is appointed in a foreclosure action to take charge of the property, he holds it as an arm of the court. *Bergin* v. *Robbins,* 109 Conn. 329, 335, 146 A. 724. "Hence the mortgagee has no claim upon the income and profit in his hands as such; except as necessary for the protection of his rights, they still belong to the mortgagor or such person as may have succeeded to his interest in them." *Desiderio* v. *Iadonisi,* 115 Conn. 652, 655, 163 A. 254. Rents collected by a receiver are necessary to protect a foreclosing mortgagee's rights only where he has established a deficiency between the amount of the mortgage debt and the value of the property. *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 696, 25 A.2d 652. This follows from the rule that "[t]he extent of his recovery should not in any event, by whatever process effected, exceed the amount of his debt. . . . He can obtain more than the amount of his debt only where, in the absence of redemption, the value of the property appropriated exceeds the amount due him." *New Haven Savings Bank* v. *Warner,* 128 Conn. 662, 666, 25 A.2d 50.

The record does not reveal any showing by the plaintiff that the appropriation of the property did not equitably satisfy the debt, or any attempt to

procure a deficie_cy judgment pursuant to General Statutes § 49-14. As it does not appear that the value of the property appropriated was insufficient to satisfy the mortgage debt and as it does not appear that the plaintiff moved for a deficiency judgment, the plaintiff's right to further sums in payment of its debt was extinguished. *Simsbury Bank & Trust Co.* v. *Ray Carlson Lumber Co.,* 154 Conn. 216, 220, 224 A.2d 544; *Desiderio* v. *Iadonisi,* supra, 657. We conclude that the court did not err in denying the plaintiff's claim to the net rental proceeds collected by the receiver and in ordering that those proceeds be paid to the defendant.

There is no error.

In this opinion the other judges concurred.