**In The Matter of Charles J. CONIAM, Bankrupt.**

**Bankruptcy No. H–79–557.**

United States Bankruptcy Court, D. Connecticut.

Feb. 25, 1981.

Martin Chorches and Ronald Weiner, West Hartford, Conn., for Trustee.

Herbert Krasow, Hartford, Conn., for Society for Savings, creditor-applicant.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

Society for Savings (Society) is the holder of a first mortgage, dated and recorded April 29, 1976, on an office building located at 135 Burnside Avenue, East Hartford, Connecticut (premises). It also holds a recorded collateral assignment of the rents from the premises received from the mortgagor at the date of the mortgage closing. The assignment, *inter alia*, authorizes Society, upon default in the mortgage, to collect rents without taking possession of the premises. Charles J. Coniam was the owner of the premises on August 9, 1979, when he was adjudicated a bankrupt by default upon an involuntary petition. Martin Chorches was appointed trustee of the bankruptcy estate and has been collecting the rents and paying the operating expenses of the premises since the date of his appointment. On November 26, 1980, Society filed an application in the bankruptcy court setting forth its status as the holder of the mortgage on the premises and the assignment of rents, claiming that payments under the mortgage are in default, and requesting an order that the trustee pay over to Society the net income derived from the premises to be applied on Society's debt. The trustee filed a response which denied that Society was entitled to the net income, the matter was heard on January 6, 1981, and post-trial briefs have been field by the parties.

Limited testimony was received at the trial. Society produced evidence that its original debt was for $340,000.00, that it is now owed $354,748.89, comprising principal of $318,616.87, accrued interest of $28,384.94, and a $7,747.08 deficiency in its tax escrow account. It last received a payment on the mortgage on May 16, 1980. The trustee furnished evidence by way of an appraiser that the value of the property is now $550,000.00. There was no evidence of what the rentals and operating expenses of the property are, or whether there are any other encumbrances on the property.

■ The United States Supreme Court, in *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), decided that issues of entitlement to rents during the period after a mortgagor's bankruptcy are to be resolved by the law of the state where the property is located, and not by a federal rule of equity.

> [T]he federal bankruptcy court should take whatever steps are necessary to insure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued. *Id.* at 56, 99 S.Ct. at 918.

The question then becomes, under the facts of this proceeding, what would Connecticut law afford Society in its status as mortgagee and assignee of rents?[1] The following concise statement of mortgagor-mortgagee law appears in *Desiderio v. Iadonisi*, 115 Conn. 652, 163 A. 254 (1932), a case which I feel is ultimately dispositive of the issue herein.

> In this State, a mortgagor is regarded as owner of the land; and if he continues in possession he is entitled to the rents and profits derived from the land without any liability to account to the mortgagee for them. While the mortgagee holds legal title to the land he is regarded in equity as doing so only for the purpose of securing payment of the debt. He is ordinarily entitled to possession of the land if he cares to assert that right; but if he does take possession, he must apply upon his debt the rents and profits received by him and is accountable to the mortgagor for them .... When a receiver is appointed in a foreclosure action to take charge of the property he holds it as an arm of the court and his possession is not that of the mortgagee. Hence, the mortgagee has no claim upon the income and profit in his hands as such; except as necessary for the protection of his rights, they still belong to the mortgagor or such person as may have succeeded to his interest in them. *Id.* at 654–655, 163 A. 254 (citations omitted).

Society takes the position that the filing of the bankruptcy petition stayed it from action as mortgagee upon its rights to possession, or to collect rents under its assignment of rents without taking possession. Society therefore seeks to secure its rights through the instant application. The application, as noted, does not request the right to directly collect the rents, but, rather, seeks to have the court order the trustee to remit the net rents to Society, after payment of all operating expenses of the property. The trustee, on the other hand, points to the fact that there is substantial equity for Society in the property, and likens himself to a receiver in a foreclosure action, who, he asserts, under Connecticut law would not be required to remit the rents to the mortgagee under the facts of this matter.

In *New Haven Savings Bank v. General Finance and Mortgage Co.*, 174 Conn. 268, 386 A.2d 230 (1978), it was held that

> Rents collected by a receiver are necessary to protect a foreclosing mortgagee's rights only where he has established a deficiency between the amount of the mortgage debt and the value of the property.... This follows from the rule that the extent of his recovery should not in any event, by whatever process effected, exceed the amount of his debt. He can obtain more than the amount of his debt only where, in the absence of redemption, the value of the property appropriated exceeds the amount due him. *Id.* at 270, 386 A.2d 230.

That a receiver should not turn over rents to a mortgagee *until* a deficiency has been established is evident from the actual holding of *Desiderio v. Iadonisi, supra.* There, the court ruled that a receiver should not pay the taxes upon mortgaged property from the collected rents if the value of the mortgage security is clearly in excess of the mortgage debt, even with the addition of the amount of accrued taxes, and it seems

---

1. A written authority to collect rents is not necessary for the right of a mortgagee to such rents. *Goodwin v. Keney*, 49 Conn. 563, 568 (1882).

unlikely that the owner of the equity will be able to redeem. The court stated such rents should be held for the owner of the equity or the person representing him.

From the foregoing, I find that under Connecticut law, Society, as the holder of a defaulted mortgage and an assignment of rents, must take affirmative action to secure rents from the mortgaged premises. Although the trustee argues to the contrary, Society has taken such action by the application it has filed in this court. Society, in seeking the *net* rentals after payment by the trustee of operating expenses, is treating the trustee in the manner it would have treated a receiver of rents in a state court foreclosure action. I conclude that in state court, Society would not be entitled to the rents until it had been determined whether or not it had sustained any loss by reason of a deficiency in mortgage security. Accordingly, it is not entitled to any surplus of rent held by the trustee after payment of the operating expenses. At this time, based on the record in this proceeding, it is unknown whether the estate will be able to realize any of the apparent equity in the property, and the possibility exists that the trustee may not be able to redeem upon a foreclosure. The value of the property which will then pass to Society may exceed the amount due it. The court orders the trustee to keep a separate account, dating from December 1, 1980, the date Society filed the instant application, of the net rental proceeds from the property to await further order from the court.