[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court are the following motions: No. 137, Motion to Terminate Automatic Stay; No. 136, Motion for Appointment of Receiver of Rents.
Although the facts and procedural history cc the present case are difficult to ascertain from the file, the following is noted by the court. On or about October 24, 1990, the plaintiff, Henry Elstein, Trustee, commenced a foreclosure action against, among others, the defendants, Robin and Nicholas Attick. On February 25, 1991, the defendants, appearing pro se, filed an answer and a special defense alleging that the loan and promissory note are unconscionable, were executed in violation of the disclosure requirements, and were improperly executed. On September 9, 1991, the court, after defaulting the defendants for failure to appear at trial, granted a motion for judgment of strict foreclosure, with law days commencing on January 7, 1992, and proceeding in successive business and banking days in the inverse order for each defendant in order of priority.
On September 30, 1991, the defendants filed a motion to reopen default, because the defendant, Robin Attick, was out of the country and unable to attend the trial; however, the court (Fuller, J.) denied the motion because the defendants failed to establish good cause to open the default. The defendants proceeded to appeal the denial of the motion to reopen default, invoking an automatic stay of the judgment. As a result, the plaintiff filed a motion to terminate the automatic stay, dated October 23, 1991, pursuant to Practice Book, Sec. 4046, because "[i]t is clear that the actions of Robin T. Attick and Nicholas A. Attick, Jr. throughout this case indicate an intention to delay the relief the plaintiff requests and is entitled to." On November 15, 1991, the court agreed with the plaintiff, and granted the plaintiff's CT Page 5421 motion to terminate the stay because "[i]t is apparent from a review of the file and the issues in this case that the appeal is taken only for purposes of delay."
On December 5, 1991, the defendants filed a motion requesting a reconsideration of the court's termination of the automatic stay, which the court granted on January 6, 1992, and, although both parties agree that the court affirmed its earlier ruling terminating the stay, the court's notation on the motion for reconsideration states that "[a]fter reconsideration, the motion to terminate the stay is denied." The defendants then appealed the court's decision.
On January 17, 1992, the plaintiff moved to reopen judgment and moved for a judgment of strict foreclosure, because the law days set by the court lapsed during the pendency of defendants' appeal of the court's January 6, 1992 decision, which allegedly affirmed its earlier ruling terminating the Sec. 4046 stay. In addition, the plaintiff filed a motion for the appointment of receiver of rents because "the value of the premises is decreasing, the security of the plaintiff is seriously jeopardized and there is likely to be a deficiency judgment entered in the matter," and a motion to terminate the automatic stay.
On January 30, 1992, an order of the Appellate Court dismissing the defendants' motion for review, dated January 6, 1992, was filed with the court.
In the present case, the plaintiff seeks to terminate the stay entered pursuant to Practice Book, Sec. 4046, which occurred after the defendants appealed the court's January 6, 1992 decision affirming an earlier ruling terminating the automatic stay. According to Practice Book, Sec. 4046:
 In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceeding shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is announced; but if the judge who tried the case is of the opinion that an extension to CT Page 5422 appeal is sought or the appeal delay or that due administration of justice so requires that judge may at any time, upon motion and hearing, order that the stay be terminated.
(Emphasis added.) On January 30, 1992, an order of the Appellate Court dismissing the defendants' motion for review filed January 6, 1992, was filed with the court. As a result, since ten days have elapsed since the Appellate Court dismissed the defendants' appeal, it is found that the court should terminate the automatic stay.
Next, since the law days have passed during the pendency of the automatic stay, the plaintiff seeks to reopen judgment and set new law days. The law days established in a foreclosure judgment are ineffective while an appeal is pending. Farmers Mechanics Savings Bank v. Sullivan,216 Conn. 341, 347, 579 A.2d 1054 (1990).
 Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer.
(Emphasis added.) General Statutes, Sec. 49-15. However, the defendant argues that the court cannot open judgment without the testimony of the appraiser, who previously testified as to the value of the property. As a result, since it is within the court's discretion to reopen a judgment of strict foreclosure, it is found that it is also within the court's discretion to require an updated appraisal. "Because the statute vests discretion in the trial court to grant or deny a motion to open such a judgment, the action of the trial court will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." Society for Savings v. Stramaglia,225 Conn. 105, 110, ___ A.2d ___ (1993). The authority conferred upon a court is "`to modify the terms of the judgment in order to achieve an outcome fairer to the parties CT Page 5423 than provided by the original judgment in light of conditions as they appear when the motion to open is decided. . . . [E]ither a forfeiture or a windfall should be avoided if possible.'" Id. In addition, as discussed below, it is found that the request for the appointment of a receiver of rents provides the court with another reason why an updated appraisal may be required because, before a receiver can be appointed, there must be a deficiency between the amount of the debt and the value of the property.
Finally, the plaintiff filed a motion for the appointment of a receiver of rents because the property's value is decreasing, the plaintiff's security is seriously jeopardized, and the plaintiff will likely recover a deficiency judgment. The appointment of a receiver of rents in a foreclosure action, although equitable in nature, is controlled by Practice Book, Sec. 504 through 510. Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175,491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S.Ct. 250,88 L.Ed.2d 258 (1985).
 An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties. Beach v. Isacs, 105 Conn. 169, 176, 134 A. 787
(1926). The object of appointing receivers is to secure the property in dispute from waste or loss. [Citation omitted.] It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right.
Hartford Federal Savings Loan Assn. v. Tucker supra, 175. The purpose of an appointment of a receiver of rents is to minimize the risk of less than full recovery of plaintiff's debt. D. Caron, Connecticut Foreclosures, Sec. 10.01 (1989). Factors to consider "include a certain deficiency, or a threatened one, as when prior encumbrances are accruing interest or the property's condition is rapidly deteriorating." Id. (Emphasis added.)
However, "[r]ents collected by a receiver are necessary to protect a foreclosing mortgagee's rights only where he has CT Page 5424 established a deficiency between the amount of the mortgage debt and the value of the property." (Emphasis added.) (Citation omitted.) New Haven Savings Bank v. General Finance Mortgage Co., 174 Conn. 268, 270, 386 A.2d 230
(1978). "This follows from the rule that `[t]he extent of his recovery should not in any event, by whatever process effected, exceed the amount of his debt. . . . He can obtain more than the amount of his debt only where, in the absence of redemption, the value of the property appropriated exceeds the amount due him.'" (Citation omitted.) Id. As a result, it is clear that if the court finds that there is a deficiency between the amount of the debt and the value of the property, the court may appoint a receiver of rents. A review of the facts in the file indicate that a deficiency has already occurred.
Motion No. 137 is granted.
Motion No. 136 is granted.
McGrath, J.