[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to collect unpaid rent, brought by the plaintiff, 108 Kings Highway Association, against the defendant, Opticare Health Center, P.C. — Norwalk. According to the plaintiff, 108 Kings Highway Association is a real estate partnership composed of the president and former president of the CT Page 3001 defendant, which is a medical professional corporation engaged in the practice of ophthalmology. The plaintiff alleges in its complaint, that the defendant has refused to pay rent pursuant to a ten year lease on premises it formerly occupied in Darien that belong to plaintiff.
The defendant filed special defenses and a counterclaim. The special defenses asserted are as follows: (1) estoppel; (2) fraud; (3) failure to mitigate damages; (4) accord and satisfaction; (5) that if a lease existed, it was modified and all obligations under it ended before December, 1990; (6) breach of the implied covenant of good faith and fair dealing; (7) that if a lease existed, it was rescinded; (8) that on February 19, 1992, plaintiff executed a warranty deed in lieu of foreclosure conveying the subject property to P.B. Real Estate, so plaintiff has no further interest or claim with regard to the Darien property and is barred from bringing this action; and (9) that plaintiff has, by its conduct, waived any rights it may have had under the alleged lease. The defendant's three count counterclaim alleges fraud, breach of the implied covenant of good faith and fair dealing, and violations of the Connecticut Unfair Trade Practices Act, General Statutes 42-110 et. seq. [CUTPA].
The defendant filed a motion (#153) to dismiss the plaintiff's action on the ground that the court does not have subject matter jurisdiction because plaintiff lacks standing to bring this action. "[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State, 190 Conn. 622, 625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone." (Citations omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). The complaint is construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983).
A motion to dismiss may be asserted for lack of jurisdiction over the subject matter. Zizka v. Water Pollution Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). "Standing goes to subject matter jurisdiction," Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987); so it is properly challenged by a motion to dismiss. "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised." Sadloski v. Manchester, 228 Conn. 79, 84, ___ A.2d ___ CT Page 3002 (1993).
The defendant claims that on December 30, 1988, the plaintiff executed a mortgage and assignment of leases for the Darien property in favor of Peoples Bank, and on February 19, 1992, plaintiff executed a deed in lieu of foreclosure in favor of P.B. Real Estate, a wholly owned subsidiary of the bank. The defendant claims that the plaintiff, in the deed of foreclosure, conveyed all of its rights, title and interest in the property, including leases, to P.B. Real Estate. Therefore, the defendant argues that any right, title or interest which plaintiff may have had prior to the conveyance was extinguished when P.B. Real Estate accepted the deed. The defendant also argues that Peoples Bank, as mortgagee, exercised its right to rents under Connecticut law by P.B. Real Estate's acceptance of the deed in lieu of foreclosure, and once it did so, Peoples Bank was entitled to both accrued and unpaid rents from 1988, the date of the mortgage.
In response, the plaintiff claims that a mortgage and assignment of leases, routinely executed in connection with commercial real estate transactions, do not affect the landlord's right to collect unpaid rent unless and until the assignment or mortgage is exercised by the mortgagee, in this case the bank. The plaintiff argues that such an "affirmative act" to claim rents from the property never occurred in the present case since P.B. Real Estate rather than the bank accepted the deed in lieu of foreclosure and P.B. Real Estate is a legally separate entity from the bank. The plaintiff further argues that even if P.B. Real Estate's acceptance of the deed in lieu of foreclosure was an affirmative action on the part of the bank to collect rent proceeds, the act did not affect rent accruing before the deed was accepted. The plaintiff also notes that the deed states that it will not affect Peoples Bank's rights under the mortgage.
"[A] mortgagor is regarded as the owner of the land . . . and if he continues in possession he is entitled to the rents and profits derived from the land without any liability to account to the mortgagee for them." (Internal citation omitted.) Desiderio v. Ladonisi, 115 Conn. 652, 654, 163 A. 254 (1932). "It is well settled that in Connecticut a mortgagor in possession of realty is entitled to the rents, with no duty to account to the mortgagee, unless and until the mortgagee asserts its right to collect the rents by taking an affirmative action to secure the rents from the mortgaged premises." In re Guay, 138 B.R. 3, 4
CT Page 3003 (Bkrcy. D.Conn. 1992); In re Sansone, 126 B.R. 16, 18 (Bkrcy D.Conn. 1991); In re Coniam, 9 B.R. 306, 309 (Bkrcy D.Conn. 1981).
A mortgagee has the right to rentals paid by the tenant after it has taken possession or, if the mortgage so provides, after notice to the tenant that the rent should be paid to the mortgagee. Friedman, Marc, "The Mortgagee's Rights to Rent Under Connecticut Law USLIA," 24 Conn. L. Rev. 1093, 1096 (1992); see eg. Baier v. Smith, 120 Conn. 569, 570-73, 181 A. 618 (1935) (where mortgagor quitclaimed property to mortgagee to avoid judgment of foreclosure, relinquishing interest and control of the property, such act assigned right to rent subsequently accruing to mortgagee); King v. Housatonic R.R. Co., 45 Conn. 226,234 (1877) (if mortgagee elects to take rent and gives notice of this election to tenant, he becomes entitled to all rents accruing after execution of mortgage against other creditors of mortgagor). Even if rents and profits are specially pledged in the mortgage as security, "the mortgagee [has] no right to them before the taking of possession by him, or before the taking of some action on his part to reduce the rents and profits to possession; before such time the rents and profits belong to a mortgagor, who may dispose of them according to his own desire without being liable to account therefor to the mortgagee." 55 Am.Jur.2d Mortgages 217 (1971). The rationale behind this rule is that there is no privity between the tenant and the mortgagee until an affirmative act is taken. 55 Am.Jur.2d Mortgages 211 (1971).
Therefore, the defendant's contention that Peoples Bank is entitled to all rents accruing from 1988, the date of the mortgage agreement between plaintiff and the bank is incorrect. Even if P.B. Real Estate's act of accepting a deed in lieu of foreclosure constituted an affirmative act on the part of Peoples Bank, the bank would only be entitled to rents accruing after the date of the deed, which was in February, 1992. Plaintiff alleges that defendant stopped paying rent in April, 1991 and that it has suffered consequential damages due to such nonpayment. Furthermore, the bank is not a party to this action, nor is there any indication by either of the parties that the bank is seeking payment of the rent which has accrued.
"`[N]o person is entitled to set the machinery of the court in motion except to obtain redress for an injury he has suffered or prevent an injury he may suffer, either in an individual or representative capacity.'" Orsi v. Senatore, 31 Conn. App. 400, CT Page 3004 414, 626 A.2d 750 (1993), quoting Belford v. New Haven, 170 Conn. 46,52-53, 364 A.2d 194 (1975). The plaintiffs have alleged that due to the defendant's action, i.e., failing to pay rent, plaintiffs have suffered a direct injury, and seek both the unpaid rent and other consequential damages arising from defendant's refusal to make such payments. Therefore, the plaintiff has standing to bring this action and defendant's motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 17th day of March, 1994.
William B. Lewis, Judge CT Page 3005
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3006
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3007
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 3008