[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FORAPPOINTMENT OF RECEIVER OF RENTS, DATED JUNE 29, 1995
The plaintiff has moved for the appointment of receiver of rent pursuant to Connecticut Practice Book § 504 et seq. A full hearing was held before the undersigned on July 27 and 28, 1995. It is undisputed and the court finds that the defendants Joseph A. and Loretta A. Calabrese executed a promissory note, dated December 31, 1987, in the principal amount of $18,000,000.00, in favor of the plaintiff's assignee. The plaintiff's note is secured by a mortgage on property located in the City of Waterbury, the site of the Sheraton Hotel and Conference Center. The Calabreses own the real property and have leased said property to JLM, Inc., in which they allegedly have a controlling interest. JLM, Inc., in turn, has a license agreement with ITT, Sheraton. The Calabreses have not paid their mortgage indebtedness to the plaintiff since approximately February 1994, and as of this date, are in default on their obligation. The amount due and owing the plaintiff, including principal and late fees, is in excess of $20,000,000.00. The Calabreses have filed a petition in bankruptcy under Chapter 11, and that matter is pending in the U.S. Bankruptcy Court.
The court accepts the testimony of Ralph G. Sorley, Jr. that the Fair Market Value of the instant property is no more than $11,000,000.00. Mr. Sorley testified that in the Chapter 11 petition proceedings, the property was valued at $8,000,000.00. The defendants had an appraisal by Mr. Heiberger CT Page 9618 who valued the property and improvements at $5,000,000.00. Based on this uncontroverted testimony, the court finds that the property does not have sufficient equity to satisfy the plaintiff's debt. This is also evidenced by the Bankruptcy Court's grant of relief from the automatic stay in connection with said property.
There is sufficient evidence that there are taxes in arrears in connection with the instant property. In spite of the fact that the management company has not made any "rental payments" to the Calabreses, the management company has paid to them "interest payments". The court finds that these interest payments were, in fact, merely misnomers for rental payments.
There was testimony about the management of the hotel, and the court does not find that presently there has been any mismanagement and/or waste in connection with the day to day operations of the hotel. The negotiating of a new license agreement with Sheraton without the plaintiff's permission is contrary to the provision of the mortgage agreements. However, the court can not find that act, in and of itself, to be mismanagement and or waste.
Under the provisions of the mortgage deed (plaintiff's Exhibit 2) paragraph 26, the plaintiff has agreed that if there is a default of the debt, the mortgagee shall be entitled to an appointment of a receiver of rents and profits.
Based upon the provision in the mortgage deed (paragraph 26, plaintiff's Exhibit 2), the court finds that there has been a default of the indebtedness due the plaintiff, and the mortgagee is entitled to an appointment of receiver of rents as it has requested in this motion. In addition, the court finds that the mortgagee has established a deficiency between the amount of the mortgage debt and the value of the property, which is yet another factor the court must consider in the granting of the plaintiff's request. New Haven Savings Bank v. GeneralFinance and Mortgage Co., 174 Conn. 268, 270.
This is a motion for the appointment of Rents pursuant to Practice Book Section 504 et seq., it is not an application for the appointment of a receiver pursuant to C.G.S. 52-504 et seq. The court can and will exercise its discretion in connection with the plaintiff's specific request. The plaintiff has established the likelihood of a deficiency and a default which CT Page 9619 has accelerated the mortgage debt, and therefore, under the terms of the mortgage deed, it has the right to the appointment of a "Receiver of Rents". The plaintiff has not established that there has been any mismanagement, waste or loss in connection with the present operation of the hotel. The Receiver of Rent is an arm of the court and acts in accordance with the will of the appointing authority. Hartford FederalSavings and Loan Association v. Tucker, 196 Conn. 172, 178. Given the lack of any evidence of mismanagement, the court would not consider the supervision of this business. It would serve no useful purpose to discharge the present managers and substitute a new manager even if the court had the power to take this drastic and unnecessary action urged by the plaintiff.
The motion of the plaintiff for the Appointment of a Receiver of Rents having been heard by this court and it appearing that there is sufficient cause for the appointment of a Receiver of Rents, it is hereby ordered:
1. That unless the parties mutually agree upon a local certified public accountant within thirty (30) days of this order, by filing an appropriate stipulation with this court designating said person, then the court will appoint Dale K. Ciccarelli, 211 Schraffts Drive, Waterbury, CT as the receiver of rents to enter upon said premises described in Exhibit A, attached to the writ, summons and complaint, to collect all rents hereinafter more particularly described.
2. That the receiver, before assuming to act as such, will file with the clerk of this court a bond, in proper form, with good and sufficient corporate surety in the sum of Two Hundred Thousand and 00/100 ($200,000.00) Dollars, conditioned upon the faithful performance of the official duties of this appointment. The form of the bond shall be subject to the approval of the court.
3. That the receiver is empowered to collect all monies due Loretta A. Calabrese and/or Joseph A. Calabrese from the operating company, JLM, Inc., other than reasonable compensation paid to the said Loretta A. Calabrese and/or Joseph A. Calabrese for services actually rendered. CT Page 9620
4. That the said JLM, Inc., its officers and employees are hereby ordered to pay to the said receiver any and all monies due the said Loretta A. Calabrese and Joseph A. Calabrese, including any monies due them for rental, interest payment, tax payments, and all other payments that they may be entitled to other than payment-for personal service actually performed at the hotel located at the subject property.
5. The defendant JLM, Inc. is hereby ordered to make payment to said receiver of all monies that are due or may become due to the said Joseph A. Calabrese and Loretta A. Calabrese, consistent with this order to open and maintain new books of account to reflect receipts of monies collected during the time said accountant serves as the receiver of rents.
6. The Receiver may open new banking and checking accounts in connection with the collection of said monies; to pay real estate taxes, sewer use and water charges to the City of Waterbury;, and to pay to the plaintiff any payments made to the receiver from JLM, Inc. that are specifically designated as rental payment. All other monies collected hereunder shall be held by said receiver until further order of this court.