[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPOINTMENT OF RECEIVER
Plaintiffs bring this action to foreclose a mortgage and collect on a note. Plaintiffs now apply for a receiver of rents.
Facts
Plaintiffs are owed over $2,240,000 on their note. The mortgage securing the note encumbers real property worth less than $1,000,000. The defendants are collecting the rents although they have been in default for two years.
Vacancies abound in these rental buildings.
The taxes, utilities and insurance are all current.
The defendants expect to have federal tax credits available to them in the sum of about $570,000.
The defendants have failed to sustain their burden of proof in regard to any of their claims or special defenses.
Plaintiffs have no right to a claim for a deficiency judgment.
There is gross waste in defendants operation of the rental of the buildings. Under a receiver the rental income would be expected to be higher. This would follow plaintiffs' application that they want a receiver, inter alia, to "effectively manage the leasing of the properties." CT Page 12481-A
The court cannot find that the defendants poor rental record or the low value of the buildings is, as the defendants' memorandum of law of September 22, 1995 puts it, "purely a function of the dire economic conditions in the Hartford real estate market."
The receiver to be appointed would need no assistance in managing the properties.
Law
The defendants refer to New England Savings Bank v. Deroset al., No. 519330 Sup. Ct., Jud. Dist. of New London 11/1/91 but in that case the court found that the plaintiffs "failed to establish that the security for the debt is insufficient to satisfy the debt." We have found in this case to the contrary.
All of the case relied upon by defendants say that the appointment of a receiver is only necessary to protect the foreclosing mortgagee's rights when it has established a deficiency between the amount of the debt due on the mortgage and the value of the property. That is certainly the law. The problem is that defendants feel that the word "deficiency" is from our practice book § 528 and C.G.S. § 49-14. Those two sources are only about deficiency judgments. A deficiency, for our purposes, is simply a shortage — the value of the property is short of the amount necessary to pay the debt. Those two ideas are seen together in New Haven Savings Bank v.General Finance Mortgage Co., 174 Conn. 268, 270-271 where the court speaks on the one hand of the value of the property being insufficient to satisfy the debt and on the other of a deficiency judgment. The former is clearly our situation.
The common goal which all mortgagees share in seeking a receiver is to minimize the difference between less than full recovery of the sums owed and what will be obtained in the foreclosure proceedings.
Here equity demands a receiver. When the case is finally concluded the court will, on the facts then existing, order distribution of any funds remaining in the receiver's hands.Cronin v. Gager-Crawford Co., 128 Conn. 688, 695-696.
The court has searched for an alternate remedy but has CT Page 12481-B not found one on its own nor has any defendant suggested an equitable one. Chatfield Co. v. Coffey Laundries, Inc.,111 Conn. 497, 501.
The court would allow and encourage the defendants to consult with the receiver in regard to any recordings, accounting and reporting procedures that might aid defendants in maintaining whatever right they have in regard to the federal tax credits, without in any way compromising plaintiffs' property interests.
Receiver is appointed.
O'Neill, J.