[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9822-B
These are the plaintiff's four motions for the appointment of a receiver of rents, under me provisions of Practice Book § 504ff, filed in four mortgage foreclosure actions as to four properties owned by either Albert or Kathleen Weiss. The properties are located at 109 Riley Chase Road; 511 Hartford Turnpike; 504 Hartford Turnpike; and, 12 Pleasant Street in Killingly.
Originally, the plaintiff, Jewett City Savings Bank, loaned funds to Albert Weiss under four variable rate promissory notes, which notes were secured by four mortgage deeds pertaining to the four properties independently. In 1992, Albert defaulted on these loans, and he and the plaintiff negotiated a restructuring of their financial arrangements which resulted, on June 30, 1992, in a note and mortgage modification agreement. This agreement incorporated the variable rate interest features of the original notes and provided for cross-collateralization, i.e., a default of any note was a default as to all. CT Page 9822-C
The variable rate of interest chargeable was reviewable and modifiable every first of the calendar year. The rate varies based on the yield of the most recently auctioned six month United States Treasury-bill. In the fall of 1995, the plaintiff timely notified Albert Weiss that, according to the formula contained in the notes, the interest rate payable would be increased effective January 1, 1996.
Albert questioned the size of the increase, and a dispute between the plaintiff and the bank arose as to the proper interest rate. Instead of paying at the new and higher rate, Albert directed his wife, Kathleen, to submit mortgage payments at the older and lower amounts. The plaintiff refused to accept partial payments and returned the checks submitted to the Weisses. Accompanying the rejected checks were letters — from the plaintiff explaining the reason for rejection and — indicating the correct figures to be paid. Albert declined to pay the amount demanded by the plaintiff and instructed Kathleen to open a savings account at a branch of the plaintiff and make deposit in that account equal to the sums demanded by the bank as the CT Page 9822-D mortgage payments. She complied with these instructions.
Because of these missed payments in the spring of 1996, the plaintiff accelerated the debts, initiated foreclosure actions, and removed the money deposited in the savings account applying it to the total debt owed. On October 28, 1996, the plaintiff filed these motions requesting appointment of a receiver of rents. On November 12, 13, and 14, 1996, the court conducted an evidentiary hearing on these motions.
The court finds that Albert Weiss defaulted on these loans by failing to make the monthly mortgage payments when they were due and that the plaintiff lawfully exercised its right to accelerate repayment of the debt. As of November 12, 1996, the amount of the debt owed as to 109 Riley Chase Road was $243,503.90; as to 511 Hartford Turnpike was $101,978.59; as to 504 Hartford Turnpike was $118,777.23; as to 12 Pleasant Street was $78,676.21. Consequently, the total debt owed is around $543,000.
The court also finds that the fair market value of 109 Riley Chase Road is $250,000; that of 511 Hartford Turnpike is CT Page 9822-E $100,000; that of 504 Hartford Turnpike is $125,000; and, that of 12 Pleasant Street is $100,000. Thus, the total fair market value of the four properties is around $575,000.
The mortgage deeds contain provisions expressly permitting the plaintiff to seek the appointment of a receiver of rents in the event of default and acceleration. When such a contract clause exists, the court must determine whether the mortgagee has established that a deficiency between the amount of the debt and value of the property securing that debt is likely to occur. NewHaven Savings Bank v. General Finance and Mortgage Co.,174 Conn. 268, 270 (1978). The court finds that the plaintiff has failed to prove, by a preponderance of the evidence, that such a deficiency is likely to result.
The court recognizes that the fair market value of these properties is unlikely to grow during the pendency of these actions given the current stagnant home sales market in the Killingly area. The court is also aware that the debt and costs associated with bringing these foreclosure actions to completion will continue to mount. However, the value of the properties CT Page 9822-F exceeds the debt currently by about $32,000. The Weisses appear to possess the financial wherewithal to generate sufficient money to refinance or restructure these debts. The delinquency in payment was caused by Albert Weiss' dispute over the accuracy of the plaintiff's application of the variable rate formula and not by a lack of income.
The motions are denied.
Sferrazza, J.