ELIZABETH A. CRONIN ET ALS. *v.* GAGER-CRAWFORD COMPANY ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued March 3—decided April 10, 1942.

*J. Rodney Smith,* for the appellants (plaintiffs).

*Francis F. McGuire,* for the appellee (named defendant).

BROWN, J.   In this action of foreclosure the court, on April 25, 1941, rendered judgment for the plaintiffs for $45,845.89 against the named defendant as mortgagor, and, upon the motion of the defendant Sarah Crawford, second mortgagee, for a foreclosure by sale. Pursuant to the judgment the mortgaged premises, consisting of real estate in New London, were appraised at $57,000 on June 2, 1941, and were sold to the plaintiffs for $45,000 on June 18, 1941.   On September 26, 1941, the court accepted the committee's report of the sale, and the plaintiffs claimed a deficiency judgment.   On September 30, 1941, the court by its supplemental judgment approved the reports of the appraisers and of the committee, found the total debt as of that date to be $47,275.90, and disallowed the plaintiffs' claim for a deficiency judgment in the amount of $2275.90.   On October 3, 1941, the court

ordered the receiver of rents to pay to the named defendant $865.03, the net balance in his hands as of June 18, 1941, and to the plaintiffs $770.93, the net amount collected by him subsequent to that date. The plaintiffs have appealed from the denial of their claim for a deficiency judgment, and from this order directing the distribution of the net rentals other than on account of a deficiency judgment in their favor.

Counsel for both parties have devoted their arguments primarily, both orally and upon their briefs, to the question of the effect of § 5116 of the General Statutes, printed in the footnote,[1] upon the plaintiffs' right to a deficiency judgment. It is the plaintiffs' claim that on this record the $45,000 sale price must be taken as the value of the property in determining the amount of the deficiency under the statute, and that since the motion for foreclosure by sale was not made by them, but by the second mortgagee, the amount

---

[1] Sec. 5116. WHEN PROCEEDS OF SALE WILL NOT PAY IN FULL. If the proceeds of such sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in such cause for such deficiency against any party liable to pay the same who is a party to the cause and has been duly served with process or has appeared therein, and all persons liable to pay the debt secured by such mortgage or lien may be made parties; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment shall be finally rendered therein, such other proceedings shall forthwith abate. If the property shall have sold for less than the appraisal provided for in section 5113, no judgment shall be rendered in such suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of such sale until one-half of the difference between such appraised value and such selling price shall have been credited upon such debt or debts as of the date of sale; and, when there shall be two or more debts to which it is to be applied, it shall be apportioned between them.

of the appraisal has no bearing whatever. The named defendant claims, on the contrary, that the court in rendering the deficiency judgment under the statute is conclusively bound by the value as fixed by the appraisal. The record contains no finding. The vital provision of the judgment is simply "that the plaintiffs' claim for a deficiency judgment in the amount of $2275.90 is disallowed." Interpreting this in the light of the memorandum of decision, it is apparent that what the court actually decided was that the appraisal determined the value of the property and that the plaintiffs had therefore failed to sustain the burden of proving that any deficiency existed.

The question is whether when a plaintiff, not having asked for a sale, as in the present case, has bought in the property at the foreclosure sale for less than the appraisal, the amount of the appraisal is conclusive upon him as to the property's value in the determination by the court of the amount of the deficiency. Section 5113 requires the court in its decree of foreclosure by sale to provide for an appraisal. Section 5116, after providing generally for a deficiency judgment when the proceeds of sale will not pay in full, goes on to deal with the specific situation of a sale for less than the appraisal provided for in § 5113. Under such circumstances it expressly requires that "the party or parties upon whose motion the sale was ordered" shall obtain no judgment for the unpaid portion of the debt and shall in no way collect it from other than the proceeds of the sale "until one-half of the difference between such appraised value and such selling price shall have been credited upon such debt . . . as of the date of sale." By the express words of the statute the provision last quoted applies only to those parties upon whose motion the sale was made. *Staples* v. *Hendrick,* 89 Conn. 100, 103, 93 Atl. 5. It

is just and equitable that the party who asks and obtains an order of sale in place of a decree of strict foreclosure, with the resultant sacrifice of value which a sale is likely to involve, if he seeks a deficiency judgment should bear a part of the value sacrificed by the forced sale. *North End Bank & Trust Co.* v. *Mandell,* 113 Conn. 241, 245, 155 Atl. 80. The provision in the statute concerning the appraisal was essential for the accomplishment of this purpose. It might also serve to assist the court in determining whether or not to approve the sale as one which fairly realized the value of the property. No reason appears and there is nothing in the context of the statute to indicate a legislative intent that the appraisal should be conclusive as to value upon any party not moving for a foreclosure by sale. It is accordingly our conclusion that an appraisal under the statute is not conclusive upon a plaintiff under such circumstances as here as to the value of the property in fixing the amount of the deficiency.

This raises the further question upon this record as to the effect of the price realized at the sale as fixing the amount for which a deficiency judgment may be entered. While this is governed by statute in a number of states, there is no such provision in Connecticut. There is, however, ample authority that in the absence of statute the price realized upon a sale which has been duly approved by the court affords the basis for the determination of the amount of the deficiency. *White's Estate,* 322 Pa. 85, 89, 185 Atl. 589; *Artisti-Kote Co.* v. *Benefactor Bldg. & Loan Assn.,* 64 Fed. (2d) 407, 408; *Jacksonville Loan & Insurance Co.* v. *National Mercantile Co.,* 77 Fla. 825, 82 So. 292; *Etter* v. *State Bank of Florida,* 76 Fla. 203, 79 So. 724; *Walton* v. *Washington County Hospital Assn.,* 178 Md. 446, 451, 13 Atl. (2d) 627; *Marshall* v. *Davies,*

78 N.Y. 414, 422; *Frank* v. *Davis*, 135 N.Y. 275, 279, 31 N.E. 1100; *Snyder* v. *Blair*, 33 N.J. Eq. 208, 209; 3 Jones, Mortgages (8th Ed.), § 2206; 3 Wiltsie, Mortgage Foreclosure (5th Ed.), §§ 975, 994; 37 Am. Jur. 243, § 865; 42 C.J. 295, § 1982. As the court said in *Walton* v. *Washington County Hospital Assn.,* supra, at page 451: "It is also well established that since the confirmation of a foreclosure sale is the final determination by the court that the mortgaged property was sold at a fair price, the defense of inadequacy of price can not be raised in subsequent proceedings, and for the purpose of a deficiency decree the price obtained at the sale is conclusive on the question of the market value of the property." The theory underlying the rule first above stated is that the mortgage is merely security for the debt, and, as in the case of the pledge of any property for debt where it has been fairly sold at public auction, the creditor is obliged only to credit the amount received and may hold the debtor for the balance. We are satisfied that the rule is the sound and proper one, and that, by reason of the court's power to disapprove a sale if found to be unfair or inequitable to any of the parties, it is well calculated to accomplish a just result. Accordingly in this case the court erred in refusing to use the sale price of $45,000 as a basis for determining the amount of the deficiency judgment claimed by the plaintiffs.

The named defendant, in support of its contention that the appraisal instead of the sale price should be conclusive as to the value of the property, has argued that under the policy of our law established from earliest times the mortgagee is entitled to no more than a satisfaction of his debt, either by payment or by appropriation of the mortgaged property through foreclosure; that accordingly General Statutes, Cum.

Sup. 1939, § 1313e, formerly § 5083, provides for an appraisal which is conclusive as to the value of the property where a deficiency judgment is sought by the plaintiff upon a strict foreclosure (*Equitable Life Assurance Society* v. *Slade*, 122 Conn. 451, 454, 190 Atl. 616); and that therefore the appraisal under §§ 5113 and 5116 should likewise be held conclusive upon a plaintiff seeking a deficiency judgment upon a foreclosure by sale. In reaching its conclusion this argument overlooks a very vital difference between the provisions of § 1313e and those of §§ 5113 and 5116 which the sequence of their enactment renders highly significant. Section 1313e in substantially its present form was originally enacted in 1878 as Chapter 129 of the Public Acts of that year. It provides that the appraisal which the court shall order upon the motion of any party to the foreclosure "shall be final and conclusive as to the value of said mortgaged property," and expressly limits any further recovery by the mortgage creditor to the difference between the value fixed by the appraisal and the amount of his claim. Sections 5113 and 5116 were originally enacted as §§ 2 and 6 respectively of Chapter 109 of the Public Acts of 1887. Section 5113 requires the court to order an appraisal where it decrees a foreclosure by sale, and § 5116 provides for a deficiency judgment as set forth in its text already recited. These sections, however, contain neither of the above provisions of § 1313e rendering the amount of the appraisal the determinative basis of the deficiency to be recovered by the mortgage creditor. The omission of these provisions by the legislature in its subsequent enactment of these statutes providing for foreclosure by sale is cogent evidence of its intent that the appraisal upon a foreclosure of this nature should not be conclusive as to the value of

the property. This omission of itself affords a sufficient answer to the defendant's argument.

It may well be further pointed out in this connection, however, that the provisions of § 1313e having to do with a deficiency judgment in a strict foreclosure do not furnish an exclusive remedy, but, if the procedure there set up is not invoked, the mortgagee may recover the difference between the debt and the actual value of the property. *Acampora* v. *Warner*, 91 Conn. 586, 588, 101 Atl. 332; *Bergin* v. *Robbins*, 109 Conn. 329, 333, 146 Atl. 724. Accordingly, where the provisions of § 1313e are not invoked under a strict foreclosure the situation is the same as on a foreclosure by sale under § 5116, wherein under the above rule, which we hold determinative of the present appeal, the mortgagee is entitled to recover the difference between the actual value of the property as determined by the sale price and the amount of his debt. That the appraisal under § 5116 is not conclusive upon a plaintiff as to the value of the property under such circumstances as here does not mean that he is thereby enabled to realize an amount in excess of his mortgage debt, as seems to be assumed throughout the defendant's brief. It only means that the value of the property at the time the plaintiff purchased at the foreclosure sale is to be determined by the price paid at the sale, and that in no event can a plaintiff recover more than the excess of his debt over the value as so fixed.

The remaining question for determination is whether the court erred in ordering the receiver of rents to pay to the named defendant instead of to the plaintiffs $865.03, the net balance in his hands as of June 18, 1941, the date of the sale. The rents being in the court's possession in the hands of the receiver

as its agent, it "has the power by its orders to make such application of them as justice and equity require and it may order their disposition in such a way as to aid in discharging the obligations." *Desiderio* v. *Iadonisi*, 115 Conn. 652, 655, 163 Atl. 254; *City Lumber Co. of Bridgeport, Inc.* v. *Murphy*, 120 Conn. 16, 20, 179 Atl. 339. From our conclusion that the plaintiffs were entitled to a deficiency judgment, it follows that under this principle they were entitled to have this net sum in the receiver's hands as of the date of sale paid to them in reduction of the amount of their judgment. See *Dime Savings Bank of Hartford* v. *Bragaw*, 125 Conn. 281, 284, 4 Atl. (2) 924. The $770.93 which subsequently accrued belonged to them as purchasers. In our decision denying an earlier motion by the defendant to erase the present appeal, reported at 128 Conn. 401, 23 Atl. (2d) 149, we expressly left open the question whether the inclusion of the attempted appeal from the order as to the distribution of the fund in the hands of the receiver was an improper joinder. We there pointed out, however, the proper procedure for the defendant to follow to take advantage of such a fault. Inasmuch as it has done nothing since to raise this question and has made no reference to it in argument, the objection must he regarded as waived for the purposes of this decision. The court erred in ordering the distribution of the net rentals other than on account of a deficiency judgment in the plaintiffs' favor.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to enter judgment as on file except as to the deficiency judgment and the distribution of rents in the hands of the receiver, and, as to these matters, that the plaintiffs recover a deficiency judgment of $2275.90, with interest from September 30, 1941, that the receiver of

rents pay to himself the sum of $250 as compensation for his services and to the plaintiffs $191.90 for the expenses of the sale and that he pay the balance of $1635.96 to the plaintiffs of which $865.03 shall be applied in reduction of the deficiency judgment.

In this opinion the other judges concurred.