SADIE GRUSS *v.* CHARLES A. CURRY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 6—decided April 12, 1945.

*Sidney Vogel,* for the appellant (defendant Hyman Gruss).

*A. D. Slavitt,* for the appellees (defendants Curry).

BROWN, J. This is an appeal by a defendant, Hyman Gruss, the second mortgagee in an action of foreclosure of land in Norwalk, from the court's decree awarding a net balance of $342.44 remaining in the hands of the receiver of rents, after title had vested in the plaintiff, to Mrs. Curry, one of the defendant mortgagors, instead of to him. The material facts stated in

the finding, with the corrections we must make in it, may be thus summarized: The defendants Curry, who are husband and wife, executed a first mortgage of the premises for $4000 to the Norwalk Building, Loan and Investment Association, and a second mortgage for $1500 to Hyman Gruss. Gruss failed in an attempt to purchase the property of the Currys for $5600; they were asking $6200. Thereafter they rented it at $55 per month to Gruss's brother Abraham, who occupied it under this lease. Then Gruss, in an action brought against Mr. Curry, garnisheed rents becoming due from Abraham Gruss, who thereafter refused to pay the rent. The Currys were unable to meet the monthly payments due under the first mortgage and became in default. On January 17, 1942, Curry conveyed his interest in the equity to his wife. Hyman Gruss, claiming that his second mortgage would be jeopardized by the Loan Association's foreclosure of its mortgage, through his attorney conducted negotiations with the association for the purchase of this mortgage. These culminated in the assignment of it to his wife, the plaintiff Sadie Gruss, who immediately brought this action of foreclosure. On November 20, 1942, the defendants Curry and Hyman Gruss having disclosed no defense, judgment of foreclosure was entered under which title became absolute in the plaintiff on January 7, 1943. The amount of the first mortgage debt under the judgment, plus that due on the second mortgage, was less than the fair market value of the property, which was $5600. It was understood between the plaintiff and her husband, Hyman Gruss, that upon a sale of the property she would see that he did not lose any money on his second mortgage. The purchase of the first mortgage by the plaintiff, recited above, was a device

to protect Hyman Gruss's interest as second mortgagee.

The final account of the receiver of rents showed a net balance of $342.44, which Hyman Gruss claimed the court should order paid to him. The court concluded that the purchase of the first mortgage in the name of the plaintiff was at the instigation of Hyman Gruss and part of a scheme to protect his second mortgage interest and obtain title to the property; that his failure to redeem was a part of this concerted scheme between him and his wife; that, when the plaintiff acquired title, he as her husband and agent in the negotiations leading up to her acquisition of the first mortgage was fully protected against loss and, while technically foreclosed of his interest, was in fact amply safeguarded by the understanding with his wife; that when the title vested in her the first mortgage was fully satisfied and his interest was so fully protected as to amount to full payment; and that the balance in the receiver's hands constituted an excess over the total amount of the first and second mortgages which justly belongs to Mrs. Curry. The court overruled Hyman Gruss's claims that, as he and his wife had separate estates, the foreclosure by her deprived him of no rights as second mortgagee to receive, as successor to the mortgagors, the funds in the receiver's hands, and that he is entitled to these funds.

The question for determination is whether the court was warranted in its conclusion that Mrs. Curry and not Gruss is entitled to this money. Its answer involves the application to these facts of a principle which we have stated as follows: Where "the mortgagee has appropriated the property to the payment of his debt by strict foreclosure and the value of the property . . . exceeds the debt secured . . . the mortgagee has no right to anything more. . . . In such a

case . . . the balance in [the receiver's] hands should be paid to the owner of the equity or the person succeeding to his interest in the income and profits, who may be . . . a second mortgagee." *Desiderio* v. *Iadonisi,* 115 Conn. 652, 657, 163 Atl. 254. In that case, we distinguished the case of *Bergin* v. *Robbins,* 109 Conn. 329, 146 Atl. 724, and in so doing referred to the ruling in it that it was necessary, to constitute an appropriation of property under a strict foreclosure, that possession be taken; that aspect of the case has since been overruled, and the vesting of title under the foreclosure decree constitutes appropriation. *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 26, 179 Atl. 339. Under this principle, there was an appropriation here by the plaintiff, and since the value of the property foreclosed exceeded not only the amount of her debt but that plus the second mortgage debt of Hyman Gruss, it is clear and undisputed that she has no right to anything more. The question is whether under the circumstances of this case the same is true of her husband Hyman Gruss.

A mortgage foreclosure is an equitable proceeding and the question who is entitled to these funds must be resolved upon equitable principles. Although the court has not found that Gruss intended to defraud the Currys, the facts portray a sequence of events of significant import on the equitable issue involved. Among these are Gruss's unsuccessful attempt to buy the property from the Currys at a low price; garnisheeing the rent which became due to the Currys from his brother, who had become their tenant, and so preventing its payment to them shortly before their default on the first mortgage; procuring the assignment of this mortgage to his wife, immediately followed by her foreclosure action; his failure to redeem; and obtaining the understanding under which she was to pro-

tect him from loss upon the subsequent sale of the property by her. These afford indication, at least, of an intent to expedite the realization by Gruss of the amount due on his second mortgage, to the injury of the Currys, so that a court of equity would have sound reason for hesitating to lend assistance to the furtherance of his scheme. In the light of this situation and the court's determination that Gruss under the circumstances was financially protected to an extent amounting to full payment, it was amply justified in refusing to award the $342.44 to him at the expense of Mrs. Curry, whose equity had been foreclosed. The course of conduct pursued by Gruss and the plaintiff in connection with their common purpose, culminating in the understanding with her for his protection from loss on his mortgage, could be regarded as creating such an identity of interest in these two mortgagees as would render the principle of *Desiderio* v. *Iadonisi*, supra, applicable as against Gruss. Under it Mrs. Curry is clearly entitled to the funds in the receiver's hands. Since the rents were in the possession of the court, through the receiver, it had, as we stated in the *Desiderio* case at page 655, "the power by its orders to make such application of them as justice and equity" required. *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* supra, 20.

There is no error.

In this opinion the other judges concurred.