[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Patrick J. Flaherty et al. instituted this action against the defendant, Thomas P. Sullivan, to foreclose on a mortgage on certain real property granted as security for a $250,000 note, on which the defendant paid $75,000 in interest. The defendant in 1987 purchased the property from the plaintiffs for $300,000, paying $50,000 in cash with the plaintiffs holding a $250,000 mortgage. On November 30, 1989, the defendant filed a motion for foreclosure by sale and on December 11, 1989, the Court granted the defendant's motion. The property was appraised at $255,000.
At a foreclosure sale on March 31, 1990, the plaintiffs, as high bidders, bought the property for $225,000. On May 7, 1990, the Court entered a supplemental judgment and ratified the sale. As of May 7, 1990, this Court found that the plaintiffs' debt, including costs and interest, was $296,914.78.
On April 25, 1990, the plaintiffs filed a motion for a deficiency judgment in the amount of $71,914.78, which is the difference between the foreclosure sale price of $225,000 and the amount owed to the plaintiffs of $296,914.78. On May 4, 1990, the defendant filed an objection to the motion for a deficiency judgment and included a January 4, 1990 appraisal report of the property reflecting a value of $332,000. CT Page 2494
The plaintiffs' right to a deficiency judgment is governed by Conn. Gen. Stats. 49-28, which states in part:
 If the proceeds of such sale are not sufficient to pay in full the amount secured by the mortgage . . . foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency . . . .
Conn. Gen. Stats. 49-28 grants the Court discretionary power to order a deficiency judgment. "The use of `shall' and `may' which are words `commonly mandatory and directory in connotation, [is] a factor that evidences affirmative selectivity of terms with specific intent to be distinctive in meaning . . . . [They] must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings.'" Farricielli v. Personnel Appeal Board, 186 Conn. 198, 203 (1982), quoting Jones v. Civil Service Commission, 175 Conn. 504, 509 (1978).
For purposes of a deficiency judgment the appraisal upon a foreclosure by sale is not conclusive as to the value of the property and is not conclusive upon a party not moving for a foreclosure by need. See Cronin v. Gager-Crawford Co.,128 Conn. 693 (1942).
In the present case the defendant moved for a foreclosure by sale, not the plaintiffs. Therefore, "for the purposes of a deficiency decree the price obtained at the sale is conclusive on the question of the market value of the property.'" Id. at 693, quoting Walton v. Washington County Hospital Assn., 178 Md. 446, 451 (1940). Accordingly, the sale price of $225,000 in the present case is conclusive as to the market value of the property for purposes of a deficiency judgment.
O'Connor, J.