[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE. PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER OF RENTS
The plaintiff, by motion dated July 17, 1991, has moved for the appointment of a receiver of rents pursuant to P.B. Section 506 et seq., for the commercial shopping center owned by the defendants, Alec and Anastasia Deros, located at 316 Boston Post Road, Waterford. The legal basis for the plaintiff's motion is the specific consent of said defendants' to the appointment of a receiver, in the mortgage deed executed by them and the assignment of these rents in the Collateral assignment of Leases and Rents executed by them. Many of the facts that give rise to this matter are not in dispute between the parties and are accurately stated in the plaintiff's memorandum dated September 6, 1991.
On September 26, 1988, the defendants, Alec and Anastasia Deros (hereinafter referred to as defendants) mortgaged the property located at 316 Boston Post Road, Waterford, Connecticut to the plaintiff, to secure a loan in the amount of $1,112,000.00 and, as additional security for said loan, the defendants executed a Conditional Assignment of Leases and Rents. The full construction loan proceeds of $1,112,000.00 were paid by the plaintiffs to said defendants, and the defendants, after making two or three monthly principal and interest payments to the plaintiff on the mortgage note, failed to make any payments on and after December 1, 1990. The defendants have also defaulted in the performance of several of the mortgage covenants which they agreed to perform. First, the defendants have failed to pay real estate taxes on the premises mortgaged to the plaintiff before they became delinquent. The town of Waterford has liened the mortgaged property for delinquent taxes on the list of October 1, 1989. The first half of the real estate taxes due for the list of October 1, 1990 have not been paid, and the total outstanding and overdue real property taxes exceed the sum of $12,000.00. In addition, the CT Page 9229 defendants failed to comply with the mortgage covenant requiring them to keep the mortgaged premises free of liens as required by paragraph 17(a)(ii) in that a mechanics lien filed by Total Technology and an attachment filed by Soneco Service on the defendants. Further, the defendants violated the mortgage covenant in paragraph 4 of the mortgage deed, requiring them to pay all insurance premiums before the same became delinquent. Insurance premiums on the policy were delinquent in the amount of $360.76 but the policy was not cancelled.
The defendants stipulated at the hearing on the plaintiff's motion that the plaintiff had attempted to exercise its rights to collect rents under the Collateral Assignment of Leases and Rents but that defendants had countermanded plaintiff's instructions and advised their tenants not to remit their rents to the plaintiff. Existing tenants at the mortgage premises include Madison's Restaurant which is paying $1,150.00 monthly rent and China Star Restaurant which is paying $3,000.00 monthly rent; as of October 1, 1991, Davis Insurance will occupy the premises for a monthly rent of $800.00. The defendant, Alec Deros, testified that he has and will use those monthly rents totalling $4,950.00 per month to pay other mortgage obligations rather than the mortgage held by the plaintiff on the property; he contends that he borrowed $460,000.00 from Chester Bank, Coastal Savings Bank and also from the plaintiff, to complete the commercial shopping center on the property being foreclosed and that he is using the rents from the shopping center to pay these other secured mortgage obligations on his home, his daughter's home and another investment property owned by him. The defendant contends that the property being foreclosed has a value of $2,000,000.00, in his opinion, but presented no appraisal of the property. The plaintiff presented no evidence of value, since the plaintiff, in moving for the appointment of a receiver is not relying upon the inadequacy of the security for its debt, as the basis for the appointment, but rather, the express consent and agreement by the defendants to such appointment in the mortgage deed. The mortgage deed provides in part as follows:
 "As further and additional security for the performance of the terms and conditions of this mortgage and for payment of the amounts stipulated in the Note secured hereby, the Grantor hereby agrees that he will not assign the rents accruing from said premises, except to the Grantee, and that in the event of default in any of the payments stipulated in said Note and so long as such default continued, the Grantee is hereby authorized . . . to enter upon the mortgaged CT Page 9230 premises and collect and receive the rents therefrom, and to apply the same to the payment of the amounts due on said Note. . . . The Grantee at its option, and for the purpose of perfecting performance of all such obligations, may make application to any court of competent jurisdiction for the appointment of a receiver of rents for said premises, and shall be entitled to the appointment of such receiver immediately."
II. LAW
A number of Connecticut cases have addressed the issue of an appointment of receiver of rents.
In discussing the question of the appointment of a receiver of rents the court in Silver v. Kingston Realty Corp.,114 Conn. 350, 353 (1932) stated in part as follows:
 At the hearing upon the defendant's motion to revoke the appointment of the receiver, the court had before it the question of the insufficiency of the plaintiffs' security, and the existence of equitable grounds for the appointment of a receiver. We must assume that the facts as well as the defendant's claim of law, were all before the court upon the argument of the motion to revoke the appointment, and its denial of the motion imports a conclusions that the security was insufficient and that equitable grounds appeared for the appointment of a receiver of rents, and a finding of the issue in favor of the plaintiffs. (Emphasis provided)
In New Haven Savings Bank v. General Finance and Mortgage Co., 174 Conn. 268, 270-271 (1978) the issue was raised as to when a mortgagee who has appropriated property through strict foreclosure is entitled to receive rents that have been collected by a court-appointed receiver.
The court stated in part as follows:
 "Hence the mortgagee has no claim upon the income and profit in his hands as such; except as necessary for the protection of his rights, they still belong to the mortgagor or such person as may have CT Page 9231 succeeded to his interest in them." Desiderio v. Iadonisi, 115 Conn. 652, 655, 163 A. 254. Rents collected by a receiver are necessary to protect a foreclosing mortgagee's rights only where he has established a deficiency between the amount of the mortgage debt and the value of the property. Cronin v. Gager-Crawford Co., 128 Conn. 688, 696, 25 A.2d 652. This follows from the rule that "(t)he extent of his recovery should not in any event, by whatever process effected, exceed the amount of his debt. . . . He can obtain more than the amount of his debt only where, in the absence of redemption, the value of the property appropriated exceeds the amount due him." New Haven Savings Bank v. Warner, 128 Conn. 662, 666, 25 A.2d 50.
 The record does not reveal any showing by the plaintiff that the appropriation of the property did not equitably satisfy the debt, or any attempt to procure a deficiency judgment pursuant to General Statutes Section 49-14. As it does not appear that the value of the property appropriated was insufficient to satisfy the mortgage debt and as it does not appear that the plaintiff moved for a deficiency judgment, the plaintiff's right to further sums of payment of its debt was extinguished.
Finally in Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175 (1985) in discussing the appointment of a receiver of rents the court stated in part as follows:
 An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties. Beach v. Isacs, 105 Conn. 169, 176, 134 A. 787
(1926). The object of appointing receivers is to secure the property in dispute from waste or loss. 2 Swift, Digest, p. 159. It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure of ancillary to the enforcement of some recognized equitable right.
CT Page 9232
As stated earlier, there was no evidence presented by the plaintiff regarding the value of the property in question. The only evidence presented was the testimony of the defendant that the property had a value of $2,000,000.00. This court is not making an expressed finding at this time as to the value of the property under foreclosure. This court does find that the plaintiff has failed to establish that the security for the debt is insufficient to satisfy the debt. It also follows that the plaintiff has failed to establish that it is necessary to protect the plaintiff mortgagee's rights to the rent in order to protect its rights under the mortgage deed or promissory note. The fact that the mortgage deed provides for the appointment of a receiver of rents does not mean that the plaintiff has an absolute right to have one appointed. Whether a receiver of rents is to be appointed is a question to be resolved based on equitable grounds.
This court concludes that the plaintiff has failed to prove equitable grounds for the appointment of a receiver of rents. Accordingly the motion for appointment of receiver of rents is denied.
Axelrod, J.