[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 18, 1989, the defendant, George J. Markoski, the defendant, Bianca V. Markoski and Nuclear Technology Corporation signed and executed a promissory note in the amount of $215,000.00 plus interest payable to Farmington Company, Inc. The mortgage note was secured by two separate mortgage deeds. Nuclear Technology Corporation secured said note by a first mortgage on its Hebron real property. George J. Markoski and Bianca V. Markoski additionally secured the promissory note by granting a second mortgage on their real property located in Middletown. The mortgagee, the Farmington Investment Company, Inc., by written letter to both Nuclear Technology Corporation and Mr. and Mrs. Markoski represented the following:
 notwithstanding the terms of the mortgage note on the above transaction, the undersigned will seek payment or satisfaction of the indebtedness due same first from the property owner by Nuclear Technology Corporation located at 612 Church Street, Hebron prior to seeking payment or satisfaction from the property owned by the Markoskis located at 916 Bartholomew Road in Middletown.
The note and mortgages were subsequently assigned to CBT Realty Ventures. The note was not paid according to its terms.
CBT instituted this action, a foreclosure suit, seeking foreclosure of the mortgage of George J. Markoski and Bianca V. Markoski's Middletown property. The return date for this action was October 8, 1991. CBT instituted a a second foreclosure action returnable November 12, 1991, on the mortgage of the Nuclear Technology Corporation's Hebron property. CT Page 2154 In that second suit, CBT does not name nor cite in George J. Markoski or Bianca V. Markoski, although the mortgage being foreclosed secures the promissory note previously referred to as a note upon which they are promissors.
CBT proceeded to judgment with the second foreclosure suit against the corporation's Hebron property obtaining a strict foreclosure on August 10, 1991. The court found the debt to be $289,501.39 and further found the fair market value of the Hebron property to be $155,000.00. CBT did not thereafter seek a deficiency judgment.
The plaintiff, CBT, in the present action seeks to foreclose the second mortgage on the defendants' Middletown property.
On December 8, 1992, the defendants filed a timely motion for summary judgment with supporting memorandum of law and affidavit, pursuant to Practice Book Secs. 378, et seq. The defendants argue that the plaintiff cannot continue its present foreclosure action because the plaintiff did not obtain a deficiency judgment from the Hebron property foreclosure. The defendants, relying on General Statutes Secs.49-1 and 49-14, argue that the plaintiff's present claim is barred, in that, the plaintiff failed to join the defendants in the Hebron property foreclosure and that the limitation of action for seeking a deficiency judgment from the defendant expired thirty days after the legal and equitable interest of the mortgage merged and vested in the plaintiff.
On December 31, 1992, the plaintiff filed an opposition memorandum and a cross-motion for summary judgment against the defendant's three special defenses. The plaintiff argues that the present foreclosure action is not seeking a deficiency judgment against the defendant's, but rather, the plaintiff is proceeding against its remaining security to collect upon obligations still due.
"Practice Book Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing CT Page 2155 the nonexistence of any material fact. . . ." (Citation omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984).
The defendants argue, in their motion for summary judgment, that there is no genuine issue as to any material fact, and that the defendants are entitled to judgment as a matter of law because the plaintiff's present foreclosure action is barred, pursuant to General Statutes Secs. 49-1 and49-14.
General Statutes Sec. 49-1 provides in relevant part that
 [t]he foreclosure of a mortgage shall be a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to such foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of such foreclosure. . . .
 A judgment of strict foreclosure, when it becomes absolute and all rights of redemption are cut off, constitutes an appropriation of the mortgaged property to satisfy the mortgage debt. City Lumber Co. of Bridgeport, Inc. v. Murphy, 120 Conn. 16, 25, 179 A. 339; Gruss v. Curry, 132 Conn. 22, 26, 42 A.2d 358. All rights of the land company as mortgagor of the real estate were thus terminated. Thereafter, the bank could convey the real CT Page 2156 estate to whomsoever it willed. The appropriation of the real estated, however, did not pay the debt in full unless the value of the real estate equaled or exceeded the amount of debt; otherwise, it was only a payment pro tanto. The unpaid balance continued to be collectible as against anyone who was liable on the debt and had been made a party to the foreclosure. Acampora v. Warner, 91 Conn. 586, 588, 101 A. 322; Cion v. Schupack, 102 Conn. 644, 649, 129 A. 854; Bergin v. Robbins, 109 Conn. 329, 333, 146 A. 724; Cronin v. Gager-Crawford Co., 128 Conn. 688, 695, 25 A.2d 652; General Statutes Sec. 7191 [now General Statutes Sec. 49-14].
Bugg v. Guilford-Chester Water Co., 141 Conn. 179, 182,104 A.2d 543 (1954). In the present action, the defendants were not made parties to the Hebron property foreclosure. As such, the plaintiff is precluded by statutory authority and case law to bring an action against the defendant on the mortgage agreement either as a deficiency judgment or as a foreclosure of the property owned by the defendants as security for the mortgage.
"`[A] judgment of strict foreclosure extinguishes all rights of the foreclosing mortgage on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes Sec. 49-14.' First Bank v. Simpson, 199 Conn. 368, 370, 507 A.2d 997
(1986); General Statutes Sec. 49-1." Eichman v. J J Building Co., 216 Conn. 443, 448, 582 A.2d 182 (1990); see Burritt Mutual Savings Bank of New Britain v. Transamerica Ins. Co., 180 Conn. 71, 428 A.2d 333 (1980) (where the court held that a mortgagee's failure to seek a deficiency judgment in accordance with statutory procedural requirements prohibited further action against the underlying debtor).
In the present case, the plaintiff argues that it is not seeking a deficiency judgment, but rather, it is proceeding against its remaining security to collect upon obligations that are still due by the defendants. In support, the plaintiff CT Page 2157 relies upon the decision of Bank of Hartford v. Sereno,7 CSCR 1049 (September 28, 1992, Schaller, J.). In Sereno, the court held that where a mortgage note was secured by three separate mortgage deeds, the creditor could foreclose upon each mortgaged property in separate and consecutive actions where the plaintiff was able to establish a deficiency after the sale of each one of the mortgagor's properties. Id., 1049-51.
However, the present foreclose action is factually distinguishable from the Sereno decision. First, the Sereno, decision involved only one mortgagor, the present case involves two mortgagors. Second, the defendant in Sereno was provided with statutory notice, pursuant to General Statutes Sec. 49-1, and was made a party to the foreclosure action. In the present case, the defendants were not made parties to the Hebron property foreclosure. Thirdly, the Sereno decision specifically states that such a consecutive approach of foreclosing on each mortgaged property was allowable but only where the plaintiff was able to establish a deficiency after the sale of each one of the mortgagors properties. Id., 1050.
Thus, this court holds that the Sereno decision, although well-reasoned, is limited to its facts and is inapplicable to the present foreclosure action.
General Statutes Sec. 49-1 is controlling on this point.
 "[T]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are. . .made parties to the foreclosure and also person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure."
General Statutes Sec. 49-14(a) provides in relevant part that
 [a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking CT Page 2158 a deficiency judgment. . . . At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.
On September 8, 1992, the period for redemption expired on the Hebron property. Therefore, the plaintiff had until thirty days after this date to bring an action for a deficiency judgment on the mortgage agreement, pursuant to General Statutes Sec. 49-14(a). The plaintiff's failure to bring a timely action in seeking further action on the mortgage agreement is now barred by operation of General Statutes Secs. 49-1 and 49-14.
In what manner is this court to determine the valuation of a deficiency judgment against the defendants. The plaintiff's failure to bring an action for deficiency on the Hebron property now renders any calculation for deficiency, in the present foreclosure action, as purely speculative. The court, in making a factual determination, ". . . has no analogous duty to determine value in the absence of some credible evidence as a basis therefor." Eichman, supra 454.
 Since the entry of a judgment of foreclosure precludes any further common law proceedings upon the note, the legislatively created remedy of the deficiency judgment is the only available means of satisfying a mortgage debt when the security is inadequate to make the plaintiff whole. The restrictions imposed by section 49-1, however, makes it necessary to cite in as a defendant in the foreclosure action any person having an obligation to pay in connection with the underlying CT Page 2159 obligation.
D. Caron, Connecticut Foreclosures, Sec. 9.05A (2d ed. 1989).
Therefore, based on the aforementioned discussion, this court grants the defendants' motion for summary judgment because there exists no genuine issue of any material fact and that the defendants are entitled to judgment as a matter of law on the ground that General Statutes Secs. 49-1 and 49-14 bars any further action. Accordingly, the plaintiff's cross-motion for summary judgment on defendants' special defenses is denied on the ground that the granting of the defendants' motion for summary judgment renders the plaintiff's cross-motion for summary judgment moot.
It is so ordered.
WALSH, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk