[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY JUDGMENT.
A judgment of foreclosure by sale was entered in this case on November 30, 1992, with a sale date set at January 30, 1993. On that date, the Committee appointed by this court sold the subject property to the highest bidder for the sum of $75,100. The sale was ratified by this court on February 8, 1993, and a closing was held in pursuance of said ratification and the proceeds were paid into court. On April 26, 1993, a supplemental judgment entered in this court, wherein the plaintiff was disbursed the sum of $70,996.65 from the proceeds of the sale. As of the date of supplemental judgment, the court found that the plaintiffs' debt, including costs, was found to be $81,701.00 and upon receiving said payment, the plaintiffs were left with an unpaid balance of $10,704.35. Since the date of supplemental judgment, additional interest has accrued on the unpaid balance in the amount of $106.92. The plaintiffs therefore move for a deficiency judgment against the defendants Gabriel F. Gillotti and Sandra L. Gillotti in the amount of $10,811.27.
The defendants seek relief from the deficiency judgment under General Statutes 49-28 which provides in relevant part as follows: CT Page 1415
 Sec. 49-28. When proceeds of sale will not pay in full . . . If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of the sale.
Our Appellate and Supreme Courts have reasoned that "[i]t is just and equitable that the party who asks and obtains an order of sale in place of a decree of strict foreclosure . . . if he seeks a deficiency judgment should bear a part of the value sacrificed by the forced sale." Central Bank for Savings v. Heggelund, 23 Conn. App. 266,269, 579 A.2d 598 (1990); quoting Cronin v. Gager-Crawford Co., 128 Conn. 688, 691-92, 25 A.2d 652 (1942). The burden sharing formula applies, however, only to those parties who moved for the foreclosure by sale. Id. 691.
One of the parties in the present action is the United States of America thereby requiring a foreclosure by sale. 28 U.S.C. § 2410
(c). In the plaintiffs' amended complaint, dated October 14, 1992, the plaintiffs claim: "A judgment of Strict Foreclosure of the Mortgage, but in the event that the United States of America is a party defendant at the time of the judgment, then a Judgment of Foreclosure by Sale." On October 30, 1992, the plaintiffs moved for foreclosure by sale.
In the present case, a foreclosure by sale was required by federal law. It is evident from the plaintiffs' amended complaint that the request for a foreclosure by sale was not a discretionary request. Under these circumstances, the mortgagor is not entitled to relief under General Statutes Sec. 49-28 since such a result would be inequitable. Union Trust Company v. Medina, Superior Court, Judicial District of Litchfield, Docket #058200 (Sept. 24, 1992, Pickett, J.) citing Connecticut Foreclosures, Canon, Sec. 9.05B.
For the foregoing reason, the plaintiffs' motion for a deficiency judgment is granted.
DRANGINIS, J. CT Page 1416