THOMAS C.C. SARGENT, TRUSTEE *v.* ANNE
LENA SMITH
(SC 17093)

Sullivan, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued November 24, 2004—officially released February 8, 2005

*Stephen F. Donahue*, with whom was *Sabato P. Fiano*, for the appellant (defendant).

*Hale C. Sargent*, for the appellee (plaintiff).

Opinion

KATZ, J. In this action alleging breach of a lease agreement, the plaintiff, Thomas C.C. Sargent, trustee, appealed to the Appellate Court from the judgment of the trial court rendered in favor of the defendant, Anne Lena Smith, claiming that the trial court improperly had accepted the conclusions of the attorney trial referee (referee) that: (1) a mortgage foreclosure action against the plaintiff extinguished the defendant's liability to pay water charges under her lease with respect to the mortgaged property; and (2) the plaintiff failed to establish damages as a result of the defendant's nonpayment of those charges. The Appellate Court agreed with the plaintiff and reversed the judgment of the trial court, determining that "neither the mortgage, nor the institution of the foreclosure action, nor the judgment of strict foreclosure extinguished the defendant's obligation under the lease to pay the . . . charges and [her] fail-

ure to pay the charges damaged the plaintiff." *Sargent* v. *Smith*, 78 Conn. App. 691, 699, 828 A.2d 620 (2003).

The defendant thereafter sought reconsideration, asserting, inter alia, that the Appellate Court should remand the case to the trial court for further proceedings to allow her to present evidence on the special defenses that had not been decided as a result of the judgment rendered by the trial court. Following the denial of that motion, the defendant petitioned this court for certification to appeal, which we granted, limited to the following issues: Did the Appellate Court properly reverse the trial court's judgment rendered in favor of the defendant, and, if so, did the Appellate Court properly direct judgment for the plaintiff in the amount of $40,881.37, rather than remand the case for a new trial. *Sargent* v. *Smith*, 266 Conn. 926, 835 A.2d 476 (2003). We agree with the defendant that the Appellate Court improperly reversed the judgment of the trial court because the referee reasonably had found that the plaintiff failed to prove that he would have been entitled to, and indeed would have recovered, the money held by the receiver of rents had the receiver not paid the governmental authority that was owed the water charges.[1]

The opinion of the Appellate Court sets forth the following relevant procedural history and facts, as found by the referee. "On August 12, 1988, the defendant entered into a written lease with the plaintiff for the rental of property [the plaintiff] owned [located in the city of Bridgeport]. In the lease, the defendant agreed to pay all [r]eal [e]state [t]axes, which included all taxes and assessments levied, assessed or imposed at any time by any governmental authority. The defendant further agreed that it was a net lease in that the intention

---

[1] In light of our conclusion that the Appellate Court improperly reversed the judgment of the trial court, we do not reach the second certified question.

[thereof] is that the rent and additional rents . . . shall be net to the landlord.

"Water charges from the Bridgeport water pollution control authority [water authority] began to accrue on November 30, 1988. At all times throughout the duration of the lease, the [water] authority billed the plaintiff for water. On November 15, 1991, the plaintiff refinanced the property. In doing so, the plaintiff personally guaranteed a note in favor of, and transferred a mortgage deed to, Gateway Bank (Gateway). He also executed an assignment of leases[2] and an assignment of sales, proceeds, deposits and earnest money to Gateway.

"Subsequently, the plaintiff defaulted on the note, and, thus, Praedium Chief, LLC, an assignee of the mortgage,[3] initiated a foreclosure action in February, 1996.[4] During the pendency of the foreclosure action, the court appointed a receiver of rents (receiver), who was directed by court order on May 12, 1997, to pay the [water] authority the entire balance of the outstanding water charges, which totaled $40,881.37, and [those charges] were paid . . . on June 5, 1997.

"On August 25, 1997, the [trial] court rendered a judgment of strict foreclosure pursuant to a stipulation under which a subsequent assignee of the mortgage, Adare, LLC, waived the deficiency[5] and agreed that the remaining funds held by the receiver, minus certain

---

[2] "The assignment of leases was exercisable, at the mortgagee's option, on the default of the mortgagor." *Sargent* v. *Smith*, supra, 78 Conn. App. 692 n.1.

[3] "The mortgage later was assigned to Adare, LLC, which was substituted as the plaintiff in the foreclosure action." *Sargent* v. *Smith*, supra, 78 Conn. App. 693 n.2.

[4] "The defendant, as a lessee, was named as a defendant in the foreclosure action." *Sargent* v. *Smith*, supra, 78 Conn. App. 693 n.3.

[5] "In its foreclosure judgment, the court valued the property at $300,000 and the plaintiff's debt at $404,815.19." *Sargent* v. *Smith*, supra, 78 Conn. App. 693 n.4.

fees and costs,[6] would be paid to the plaintiff, who agreed to an accelerated law day. Thereafter, the plaintiff initiated the present action against the defendant to recover the sum of $40,881.37, which the receiver was ordered to pay to cover the [water] authority's charges. . . .

"On the basis of [the aforementioned] facts, the referee concluded, and the court accepted the conclusion, that the plaintiff was not entitled to recover from the defendant the amount of the payment to the [water] authority because the foreclosure action had extinguished all obligations under the lease and the plaintiff had failed to prove he would have ultimately been entitled to the money." (Internal quotation marks omitted.) *Sargent* v. *Smith*, supra, 78 Conn. App. 692–93. Accordingly, the trial court rendered judgment in favor of the defendant.

On appeal from the trial court's judgment, the Appellate Court determined that the primary issue in the case involved a question of law, specifically, what effect, if any, the plaintiff's assignment of leases and rents, the "mortgage, the foreclosure action and the subsequent judgment of foreclosure had on the lease agreement between the plaintiff and the defendant." Id., 694. The court first concluded that it was the defendant's obligation to pay the water authority's charges under the lease, an obligation that was unaffected by the plaintiff's assignment of his leases and rents to the mortgagee, Gateway. Id., 696–97; see footnote 2 of this opinion. The Appellate Court next determined that the initiation of the foreclosure action had not relieved the defendant of her obligations under the lease because the defendant continued to pay rent and the mortgagee continued

---

[6] "Although the referee did not specifically find, testimony established that the fees and costs totaled approximately $7500, and the remaining funds distributed to the plaintiff totaled approximately $29,000." *Sargent* v. *Smith*, supra, 78 Conn. App. 693 n.5.

to allow her to remain in possession of the premises. *Sargent* v. *Smith,* supra, 78 Conn. App. 697. The court further determined that, although the appointment of the receiver of rents was for the protection of the mortgagee's rights, and the trial court had the power to direct the receiver to discharge the taxes due upon the property to aid in discharging the obligations of the mortgagor to the mortgagee, the money in the hands of the receiver ultimately belonged to the plaintiff as the mortgagor in the foreclosure action. Id., 698–99. Therefore, the Appellate Court concluded that the finding by the referee, as accepted by the trial court, that the plaintiff had failed to prove that he ultimately would have been entitled to the money, was clearly erroneous. Id. Accordingly, the Appellate Court reversed the judgment of the trial court and remanded the case with direction to render judgment for the plaintiff in the amount of $40,881.37. Id., 699. This certified appeal followed.

At the outset, we set forth the standard of review with respect to the factual findings and recommendations made by a referee. "A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. . . . This court has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . .

or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Elgar* v. *Elgar*, 238 Conn. 839, 848–49, 679 A.2d 937 (1996). With these principles in mind, we now address the defendant's claims.

In the first certified issue, the defendant claims that, although the Appellate Court properly determined that funds held in a receivership generally belong to a mortgagor until they are distributed, the court improperly failed to consider whether, under the facts and circumstances of this case, the plaintiff had proven that he, in fact, would have received the funds held in receivership had they not been paid to the water authority. In other words, the defendant contends that the Appellate Court improperly determined that, because the plaintiff was the legal owner of the rents while they were being held in receivership and still subject to the distribution of the trial court, the plaintiff *necessarily* was entitled to recover those rents postjudgment.

It is well established that, "[a]lthough a receivership takes designated funds out of the control of the mortgagor, it does not vest their control in the foreclosing mortgagee, who 'has no claim upon the income and profit in [the receiver's] hands as such'; since the funds are legally in the possession of the court subject to whatever disposition it may order. *Desiderio* v. *Iadonisi*, 115 Conn. 652, 655, 163 A. 254 (1932)." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 192 Conn. 1, 7, 469 A.2d 778 (1984). The primary right of the mortgagee is to secure payment of the mortgage debt, and the need to preserve the security for the debt against loss or diminution in value by reason of obligations owed by the mortgagor is incidental to that end. *Desiderio* v. *Iadonisi*, supra, 656. Accordingly, with respect to the payment of tax liens, this court has reached

different conclusions dependent upon whether there is a deficiency following a judgment of foreclosure. In *Desiderio*, in which there was no such deficiency, the court set forth the following criteria for the payment of taxes: "If payment of taxes is necessary to preserve the security or any part of it from being taken to satisfy them, the court may order their payment by the receiver; but if payment of the debt secured is not jeopardized by the existence of taxes chargeable against the property, the mere fact that [the taxes] accrued during the time the receiver is in possession may well be an insufficient basis to decree their payment by him. If, for instance, the value of the mortgage security is clearly in excess of the mortgage debt even with the addition of the amount of accrued taxes . . . equitable considerations may dictate that the taxes be left as a lien upon the property . . . in this way the mortgagee will still receive full payment of his debt, and the owner of the equity or the person representing him, will be left any balance of income or profits in the hands of the receiver. Unless payment of taxes becomes necessary while the receiver is in possession in order to preserve the security of the mortgage, the better practice is to await the outcome of the foreclosure proceedings before making any order as to their payment out of the fund in his hands, because then the true equities of the situation will usually be more definite and certain. If, when that time comes, it appears that the mortgagee has appropriated the property to the payment of his debt by strict foreclosure and the value of the property, taken subject to the lien of the taxes, exceeds the debt secured, as it did in this case, the mortgagee has no right to anything more. . . . In such a case the receiver should not be directed to pay the taxes, but the balance in his hands should be paid to the owner of the equity or the person succeeding to his interest in the income and profits . . . ." (Citation omitted.) Id., 656–57.

Conversely, however, this court has concluded that when it is clear there will be a deficiency following the judgment of foreclosure, the trial court reasonably may direct the receiver to use the income to discharge the taxes due upon the property, and the money held by the receiver at the time of foreclosure properly belongs in the hands of the mortgagee. *Cronin* v. *Gager-Crawford Co.*, 128 Conn. 688, 695, 25 A.2d 652 (1942). In *Cronin*, this court had to determine whether the trial court improperly ordered the receiver of rents to pay net rentals to the named defendant, the mortgagor, instead of to the plaintiffs, the foreclosing mortgagees. Id., 690. The plaintiffs appealed, claiming, inter alia, that the trial court improperly had denied their claim for a deficiency judgment, as well as the net balance in the hands of the receiver of rents as of the date of the foreclosure sale. On the basis of its conclusion that the plaintiffs were entitled to a deficiency judgment, this court concluded that it also followed that the plaintiffs were entitled to have the net sum in the receiver's hands as of the date of foreclosure sale paid to them in reduction of the amount of their deficiency judgment. Id., 696; see also *Dime Savings Bank of Hartford* v. *Bragaw*, 125 Conn. 281, 284, 4 A.2d 924 (1939) ("The right of the mortgagor is not to receive the rentals so collected, but to require their application to reduce the amount he must pay in order to redeem. The reduction of the debt in this way is but the application to it of something which primarily belongs to the mortgagor . . . ." [Citation omitted.]).

The judgment in the underlying foreclosure action in the present case reflects a deficiency of $104,815.19, an amount far in excess of the $40,881.37 paid by the receiver to the water authority. See footnote 5 of this opinion. We note, in addition, as found by the referee, that to secure the debt, the plaintiff expressly had assigned any rents to the mortgagee pursuant to the

"Absolute Assignment of Sales Proceeds, Deposits and Ernest Money included in the refinancing documents." Thus, whatever taxes were owed were subsumed within the deficiency. Therefore, the referee reasonably found that the plaintiff had failed to establish either that the money held by the receiver was for the plaintiff's benefit rather than to protect the interests of the mortgagee or that, had the plaintiff not entered a stipulated judgment with the mortgagee to forgo the deficiency, he ultimately would have been entitled to the money paid to the water authority.[7] As the defendant properly notes, the plaintiff bore the burden of establishing damages. See *Gill* v. *Diorio*, 51 Conn. App. 140, 146, 720 A.2d 526 (1998) (noting that defendant failed in its counterclaim because it "did not provide the subordinate facts necessary to demonstrate a debt owed and thus failed in its burden of proof"); see also *Coughlin* v. *Anderson*, 270 Conn. 487, 512, 853 A.2d 460 (2004) ("It is axiomatic that the burden of proving damages is on the party claiming them. . . . When damages are claimed they are an essential element of the plaintiff's proof and must be proved with reasonable certainty." [Internal quotation marks omitted.]).

In support of his claim that the Appellate Court properly concluded that he was entitled to judgment in his favor, the plaintiff relies on *New Haven Savings Bank* v. *General Finance & Mortgage Co.*, 174 Conn. 268, 386 A.2d 230 (1978). The plaintiff's reliance is misplaced.

---

[7] The fact that the mortgagee was not a party to the present action, a consideration that factored into the Appellate Court's reasoning; see *Sargent* v. *Smith*, supra, 78 Conn. App. 699; is not pertinent to the issue of whether the plaintiff proved that he would have received the $40,815.19 had the money not been paid to the water authority or had the mortgagee not waived the deficiency. Similarly, we disagree with the Appellate Court's focus on the defendant's failure to prove that the deficiency would not have been waived if the $40,881.37 payout had not been made. See id., 699 n.6. It was incumbent on the *plaintiff* to demonstrate that, despite the deficiency, he was entitled to those funds.

In that case, contrary to the present case, this court noted: "The record does not reveal any showing by the plaintiff [a senior mortgagee] that the appropriation of the property did not equitably satisfy the debt, or any attempt to procure a deficiency judgment pursuant to General Statutes § 49-14. As it does not appear that the value of the property appropriated was insufficient to satisfy the mortgage debt and as it does not appear that the plaintiff moved for a deficiency judgment, the plaintiff's right to further sums in payment of its debt was extinguished." Id., 270–71. Accordingly, the court concluded that the trial court properly had denied the plaintiff's claim to the net rental proceeds collected by the receiver and ordered that those proceeds be paid to the defendant, a subsequent lien holder. Id., 271.

Finally, we note that no equitable considerations warrant a contrary result. The defendant in the present case was also a defendant in the underlying foreclosure action. The plaintiff could have alerted the trial court in the foreclosure action to his claim that he ultimately was responsible for the water authority's charges and furthermore could have objected to the receiver's payment to the water authority. He also could have objected to the trial court's order in that action to the receiver to "disburse any remaining funds to the [mortgagee] in order to reduce [the plaintiff's] debt in accordance with the applicable loan agreements." Finally, the plaintiff thereafter could have taken an appeal challenging the trial court's order to the receiver to pay the balance of the water charges. See *Cronin* v. *Gager-Crawford Co.*, 128 Conn. 401, 404, 23 A.2d 149 (1941) ("[w]e can see no valid reason why an appeal may not properly be taken from a portion of a judgment which is so distinct and severable that, should error be found and the case [be] remanded for further proceedings, the remaining portion would be in no way affected, and we see distinct advantages in allowing such an appeal").

734

The judgment of the Appellate Court is reversed and the case is remanded with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.